# United States Court of Appeals for the Federal Circuit

---

**SHIRLEY J. BLEDSOE,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**UNITED STATES POSTAL SERVICE,**
*Intervenor.*

---

2011-3054

---

Petition for review of the Merit Systems Protection Board in case no. CH0353100935-I-1.

---

Decided: October 3, 2011

---

SHIRLEY J. BLEDSOE, Country Club Hills, Illinois, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

CARRIE A. DUNSMORE, Trial Attorney, commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before NEWMAN, BRYSON, and LINN, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* LINN.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

LINN, *Circuit Judge.*

Shirley Bledsoe ("Bledsoe") appeals from a final decision of the Merit Systems Protection Board ("the Board") dismissing her appeal, which alleged, pursuant to 5 C.F.R. § 353.304(c), that the U.S. Postal Service ("the Postal Service") wrongly denied her restoration following her partial recovery from a compensable injury. *See Bledsoe v. U.S. Postal Serv.*, No. CH-0353-10-0935-I-1 (M.S.P.B. Nov. 5, 2010). For the reasons discussed below, this court affirms.

## I. BACKGROUND

Bledsoe was a non-preference-eligible Level 7 Automation Mail Processing Clerk at the South Suburban Processing and Distribution Center in Bedford Park Illinois. Bledsoe was injured on-duty on February 3, 2005, and filed a claim that was accepted by the Office of Workers' Compensation Programs. Bledsoe partially recovered and, beginning in April 2008, the Postal Service provided her with a modified light duty assignment. In

June 2010, pursuant to the National Reassessment Process, the Postal Service informed Bledsoe that work within her medical restrictions was no longer available within her local commuting area. Bledsoe appealed to the Board, and the Postal Service moved to dismiss for lack of jurisdiction.

In its initial acknowledgment order of August 26, 2010, the Board explained that Bledsoe bore the burden of establishing jurisdiction, which required her to provide an evidentiary basis to show that the Postal Service arbitrarily and capriciously denied her restoration. The Board stated, in the same order, that the record on jurisdiction would close twenty-five calendar days following the date of the order, and that "[n]o evidence or argument on the jurisdictional issue filed after the close of record will be accepted unless you show that it is new and material evidence that was unavailable before the record closed." *Bledsoe v. U.S. Postal Serv.*, No. CH-0353-10-0935-I-1, Acknowledgment Order, 3 (M.S.P.B. Aug. 26, 2010). Bledsoe did not respond, and the Postal Service's response included a motion to dismiss for lack of jurisdiction.

Rather than dismiss Bledsoe's appeal, the Board, on October 13, 2010, conducted a telephone status conference. On October 14, the Board issued an order summarizing the telephone status conference. In that order, the Board reiterated that, to establish jurisdiction, Bledsoe ultimately had to prove by preponderant evidence that the Postal Service arbitrarily and capriciously denied her request for restoration. The Board further explained that this required Bledsoe to "identify a vacant position, or positions, within 50 miles of the South Suburban Processing and Distribution Center that [Bledsoe] could perform with her medical restrictions." *Bledsoe v. U.S. Postal Serv.*, No. CH-0353-10-0935-I-1, Order and Summary of Status Conference, 4-5 (M.S.P.B. Oct. 14, 2010).

In the same order, the Board stated that "[a] hearing will be scheduled only if the appellant establishes a non-

frivolous allegation of jurisdiction over her restoration appeal." *Id.* at 6. The Board gave Bledsoe until October 21, 2010, to respond, thus extending the close of record by one month, and admonished Bledsoe that "[n]o evidence or argument filed after that date will be accepted into the record absent a showing of good cause for such untimely filing . . . [and that u]nless the appellant provides a non-frivolous allegation of jurisdiction by no later than the . . . close of record date, [the Board] will dismiss her appeal without holding a hearing." *Id.* at 5.

On October 21, 2010, Bledsoe responded without identifying any vacant position. On November 5, 2010, the Board issued its initial decision dismissing her appeal for lack of jurisdiction. There the Board found that Bledsoe did not make a non-frivolous allegation that the denial of restoration was arbitrary and capricious because she "did not identify a vacant position within her local commuting area that she can perform within her medical restrictions." Initial Decision, 5-6. In its decision, the Board explained that "[a]lthough the appellant requested a hearing, she is not entitled to one because she failed to make a non-frivolous allegation the Board has jurisdiction over her appeal." *Id.* at 1. The Board therefore stated that "[t]he appeal is adjudicated on the written record." *Id.*

On November 8, 2010, after the close of record, and after the initial decision dismissing her appeal, Bledsoe filed an "Amended Jurisdictional Order," making reference to "three (3) Door Monitor positions which the [Postal Service] declared 'Necessary Work.'" Respondent App'x. 28. Bledsoe did not, however, file a petition for review before the Board.

Bledsoe's appeal to the Board also included a pendent discrimination claim, which the Board also dismissed for lack of jurisdiction due to the absence of an appealable adverse action.

The Board's decision dismissing Bledsoe's appeal became final on December 10, 2010. Bledsoe timely appealed, and this court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

### A. Standard of Review

The Board's determination that it lacked jurisdiction to hear Bledsoe's appeal is a legal issue which this court reviews *de novo*. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). "Findings of fact underlying the Board's jurisdictional decision are reviewed for substantial evidence." *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008) (citing *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998)).

### B. Analysis

#### 1. The Board's Jurisdiction is Limited and Must be Proven by Petitioner

As this court has previously explained, "[t]he Board is an independent, quasi-judicial federal administrative agency . . . [with] the responsibility, inter alia, to adjudicate appeals of adverse personnel actions taken by a federal agency against its employees." *Garcia v. Dept. of Homeland Sec.*, 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc) (citations omitted).

The Board's jurisdiction is established by statute. 5 U.S.C. § 7701(a) provides:

> An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation . . . . Appeals shall be processed in accordance with regulations prescribed by the Board.

   This court has interpreted this statute to mean that "[t]he jurisdiction of the [Board] is not plenary, but is limited to those areas specifically granted by statute or regulation . . . .   In other words, jurisdiction for the [B]oard to hear a particular type of action must be granted by some law, rule or regulation." *Garcia*, 437 F.3d at 1327 (citations omitted); *see also Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed. Cir. 2000) ("This Court has repeatedly recognized that the Board's jurisdiction is not plenary; rather, it is limited to actions designated as appealable to the Board under any law, rule or regulation." (quotation omitted)); *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985) (same); *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1573 (Fed. Cir. 1996) ("The jurisdiction of the Board is not plenary.  Rather, it is limited to those matters *specifically entrusted to it* by statute or regulation." (emphasis added)).

   As this court has explained, "Congress has not 'directly spoken' to an employee's burden of proof for establishing the Board's jurisdiction." *Garcia*, 437 F.3d at 1338 (quoting *Chevron v. Natural Res. Def. Council*, 467 U.S. 837, 842 (1984)).  But 5 U.S.C. § 7701(k) provides that the "Board may prescribe regulations to carry out the purpose of this section" and, as this court noted in *Garcia*, "[p]ursuant to this statutory authority, the Board has promulgated regulations to carry out § 7701." 437 F.3d at 1338.  5 C.F.R. § 1201.56(a)(2) states that the "appellant has the burden of proof, by a preponderance of the evidence, with respect to . . . [i]ssues of jurisdiction."  In *Garcia*, this court held that this regulation is "neither 'arbitrary, capricious, or manifestly contrary to the statute,' and is therefore entitled to deference and is lawful." 437 F.3d at 1338.  As this court explained, "the regulation clearly requires that the claimant establish jurisdiction by a preponderance of the evidence, independent of whether facts relevant to deciding the merits overlap with the facts relevant to deciding jurisdiction." *Id.* at 1340.

In *Garcia*, this court distinguished numerous cases regarding Article III jurisdiction as inapposite in rejecting the view that Board "jurisdiction attaches when an employee makes non-frivolous claims." *Id.* at 1335 (citing *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59 (1978); *Montana-Dakota Utils. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246 (1951); *Bell v. Hood*, 327 U.S. 678 (1946); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22 (1913)). *Cf. Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006).

Rather, in *Garcia*, this court explained that "[t]here is nothing in the plain language of the statute requiring or even suggesting a non-frivolous standard . . . [nor that] Congress intended that, in cases in which jurisdictional issues and merits issues overlap, the Board is required to follow the standards for jurisdiction applicable to Article III courts." 437 F.3d at 1336. "[I]nasmuch as the Board is not an Article III court, we fail to see how the backdrop of standards applicable to Article III court jurisdiction suggests that Congress intended those standards to apply to this quasi-judicial administrative agency." *Id.* at 1337 (also finding "suggestions that Congress specifically did not intend concepts from Article III courts to be used by the Board.").

As this court further explained in *Garcia*, establishing jurisdiction at the Board is a two-step process. First, a petitioner must meet the threshold requirement of making non-frivolous allegations of fact which, if true, would be sufficient to establish the Board's jurisdiction. *Id.* at 1330. If the petitioner makes non-frivolous allegations to support jurisdiction, then and only then will the petitioner be entitled to a jurisdictional hearing at which the petitioner must prove jurisdiction by preponderant evidence. *See id.* at 1344 ("[O]nce a claimant makes non-frivolous claims of Board jurisdiction, namely claims that, if proven, establish the Board's jurisdiction, then the claimant has a right to a hearing. At the hearing, the

claimant must prove jurisdiction by a preponderance of the evidence.").  After the petitioner has proven jurisdiction by preponderant evidence, then and only then is the Board free to reach the merits of the petitioner's appeal. "If the Board determines that the claimant fails to prove jurisdiction by a preponderance of the evidence, then the Board does not have jurisdiction and the case is dismissed for lack of jurisdiction." *Id.*  When the Board lacks jurisdiction, "it cannot decide the merits of the case." *Id.* at 1340.

Because the Board's jurisdiction is limited rather than plenary, and because the petitioner must prove jurisdiction by preponderant evidence, including on issues that overlap with the merits, it is crucial to identify at the outset the jurisdictional requirements of any given appeal.

2. Jurisdiction in Partial Recovery Restoration Appeals

5 C.F.R. § 1201.3, entitled "appellate jurisdiction," states, in relevant part, that the "Board has jurisdiction over appeals from agency actions when the appeals are authorized by law, rule, or regulation . . . [including f]ailure to restore . . . following partial or full recovery from a compensable injury (5 C.F.R. 353.304)."  Thus, the Board's jurisdiction over appeals from certain denials of restoration is established by 5 C.F.R. § 353.304, which provides (emphasis added):

> (a) *Except as provided in paragraphs (b) and (c) of this section*, an injured employee or former employee of an agency in the executive branch (including the U.S. Postal Service and the Postal Rate Commission) *may appeal to the MSPB an agency's failure to restore*, improper restoration, or failure to return an employee *following a leave of absence.*  All appeals must be submitted in accordance with MSPB's regulations.

(b) An individual who fully recovers from a compensable injury more than 1 year after compensation begins may appeal to MSPB as provided for in parts 302 and 330 of this chapter for excepted and competitive service employees, respectively.

(c) *An individual who is partially recovered from a compensable injury may appeal to MSPB for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration.* Upon reemployment, a partially recovered employee may also appeal the agency's failure to credit time spent on compensation for purposes of rights and benefits based on length of service.

Thus, subsection (c) limits the otherwise broad jurisdiction established by subsection (a) in the case of an employee who is only partially recovered from a compensable injury. The Board has held that in order to establish jurisdiction under 5 C.F.R. § 353.304(c), a petitioner must prove that:

(1) [s]he was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious.

*Chen v. U.S. Postal Serv.*, 97 M.S.P.R. 527, 533 (2004) (quotation omitted).

The basis for jurisdiction established by 5 C.F.R. § 353.304(c) reflects the limited substantive right enjoyed by partially recovered employees. Employees who recover fully within a year have the unconditional right to restoration under 5 C.F.R. § 353.301(a) and 5 U.S.C. § 8151(b)(1). *See Gallo v. United States*, 529 F.3d 1345,

1349 (Fed. Cir. 2008) (explaining that section 8151 "provides *an absolute right* to an employee who is injured and who recovers within one year . . . [to] return to his old job or an equivalent position." (emphasis added) (quoting S. Rep. No. 93-1081, as reprinted in 1974 U.S.C.C.A.N. 5341, 5352)). By contrast, partially recovered employees only enjoy a right to have the agency make "every effort to restore" them "in the local commuting area" and "according to the circumstances in each case." 5 C.F.R. § 353.301(d). In other words, partially recovered employees do not have an absolute or unconditional right to restoration; and a partially recovered petitioner alleging nothing more than that she has been denied restoration, has not invoked a legally protected interest before the Board.

Because partially recovered employees do not have an unconditional *right* to restoration, they do not have the right to appeal every *denial* of restoration. The "arbitrarily and capriciously" requirement of section 353.304(c) limits jurisdiction to appeals where the substantive rights of partially recovered petitioners under section 353.301(d) are actually alleged to have been violated. *See, e.g., Palmer v. Merit Sys. Prot. Bd.*, 550 F.3d 1380, 1383-4 (Fed. Cir. 2008) ("The word 'except,' as used in section 353.304(a), simply alludes to the fact that not all employees to whom sections 353.304(b) and 353.304(c) apply have restoration rights in all circumstances . . ." and "the Board has jurisdiction over a restoration appeal by an employee who has partially recovered from an injury *only in the situations enumerated* in 5 C.F.R. § 353.304(c)." (quotations and citations omitted; emphasis added)); *Sanchez v. U.S. Postal Serv.*, 114 M.S.P.R. 345, 350 (2010) (finding jurisdiction because "[e]vidence that the agency failed to search the commuting area as required by 5 C.F.R. 353.301(d) constitutes a nonfrivolous allegation that the agency acted arbitrarily and capriciously in denying restoration.").

While it might seem natural, at first blush, to view subsection 353.304(c)'s inclusion of the term "arbitrarily and capriciously" to be nothing more than a "standard of review," rather than a jurisdictional requirement, to do so would be to ignore the text of sections 353.301(d) and 353.304(a) and (c) and would foist jurisdiction upon the Board over appeals brought by partially recovered petitioners who do not even *allege* that they did not receive the requisite "effort to restore." The Board would then have jurisdiction to decide the merits of a right-to-restoration claim that does not actually exist. Not even the Article III jurisdiction cases, cited above, support such a result. *Cf. Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1247 (2010) (holding, in Article III context, that copyright "registration requirement . . . imposes a precondition to filing a claim that is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions . . . [and] thus imposes a type of precondition to suit that supports nonjurisdictional treatment."); *Arbaugh*, 546 U.S. at 515 (also in Article III context, holding statutory element that "appears in a separate [statutory] provision that does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts" to be non-jurisdictional (quotation omitted)).

Accordingly, we hold that to establish jurisdiction under 5 C.F.R. § 353.304(c) the petitioner must prove by preponderant evidence: (1) absence due to a compensable injury; (2) sufficient recovery from the injury to return to duty on a part time basis or in a less physically demanding position; (3) agency denial of a request for restoration; and (4) denial of restoration rendered arbitrary and capricious by agency failure to perform its obligations under 5 C.F.R. 353.301(d).

### 3. Bledsoe's Failure to Establish Jurisdiction

In the present case, the Board found that Bledsoe had carried her burden as to the first three jurisdictional elements, but had not carried it as to the fourth. Specifically, the Board acknowledged that the Postal Service had fulfilled its duty to conduct a search for vacant positions in Bledsoe's local commuting area that she would be able to perform and found none. Bledsoe failed to allege any facts to refute that showing. The Board thus concluded that Bledsoe had failed to make a non-frivolous allegation of fact showing the Postal Service's action to be arbitrary and capricious and determined that it lacked jurisdiction over Bledsoe's appeal.

On appeal to this court, Bledsoe argues only that the Board erred because the Postal Service did not offer her a "light duty assignment" and because "there was work available in the facility." Petitioner Br. 1-2. The only factual averment potentially bearing on that argument is Bledsoe's supplemental jurisdictional statement contending that three door monitor positions were "Necessary Work." Respondent App'x. 28. As noted above, this statement was filed not only after the close of record date established by the Board for the issue of jurisdiction, but after the Board had already dismissed Bledsoe's appeal for lack of jurisdiction.

5 C.F.R. § 1201.58(c) states, in relevant part, that "[o]nce the record closes, no additional evidence or argument will be accepted unless the party submitting it shows that the evidence was not readily available before the record closed." The Board repeatedly informed Bledsoe that no evidence would be accepted after the close of record on the issue of jurisdiction absent a showing of good cause, and even extended the close of record by a month so that Bledsoe could provide jurisdictional allegations. Bledsoe's supplemental statement was untimely and included no showing of good cause. Indeed, while

Bledsoe's untimely submission states that the information contained therein was requested from the Postal Service on August 6, 2010, it contains no statement of when Bledsoe received the information. The submission makes reference to an "Exhibit B" apparently containing the Postal Service's response; but this court sees no such exhibit in the record on appeal. Thus, this court has no basis upon which to conclude that the information was not readily available prior to the close of record on jurisdiction.

Moreover, Bledsoe's submission was after the initial order dismissing for lack of jurisdiction. 5 C.F.R. § 1201.111(a) states in part that the "judge will prepare an initial decision after the record closes." 5 C.F.R. § 1201.112(a), further provides that "[a]fter issuing the initial decision, the judge will retain jurisdiction over a case only to the extent necessary to" perform enumerated functions not including consideration of untimely evidentiary submissions. Thus, the administrative judge lacked jurisdiction to consider the evidence in Bledsoe's untimely submission.

Pursuant to 5 C.F.R. § 1201.114, Bledsoe could have petitioned for review by the Board of the initial decision dismissing her appeal for lack of jurisdiction. But there is no evidence in the record on appeal that Bledsoe did so. And even if Bledsoe's "Amended Jurisdictional Order" were liberally construed to constitute such a petition, it would not have entitled Bledsoe to reopen her appeal at the Board. 5 C.F.R. § 1201.115(d) provides in relevant part that the Board "may grant a petition for review when it is established that . . . [n]ew and material evidence is available that, despite due diligence, was not available when the record closed." *See also Brenneman v. Office of Pers. Mgmt.*, 439 F.3d 1325, 1328 (Fed. Cir. 2006) ("Both this court and the Board have held that a party submitting new evidence in connection with a petition for review must satisfy the burden of showing that the evidence is

material and that it could not have been obtained earlier with the exercise of due diligence."). Bledsoe's "Amended Jurisdictional Order" contains no statement that the information was not available when the record closed, nor does it evidence diligence on Bledsoe's part in obtaining the information.

Because Bledsoe submitted new evidence after the close of record and after the initial decision dismissing her appeal, without a showing of good cause or a petition for review, the Board could not, and did not, consider it in rendering its jurisdictional decision. Bledsoe's untimely submission is therefore irrelevant to this court's substantial-evidence review of the Board's fact finding.

This court finds no error in the Board's conclusion that it lacked jurisdiction. The Board applied the correct legal standard in determining its own jurisdiction, and its factual determinations were supported by substantial evidence. Bledsoe did not identify any vacant position which was available within her commuting area and which she was able to perform. Nor did she in any other way make a non-frivolous allegation that the Postal Service acted arbitrarily and capriciously in not restoring her, even after the Board specifically ordered Bledsoe to make such a showing and afforded her the opportunity to do so.

The Board's dismissal of Bledsoe's pendent discrimination claim was also correct in view of the above analysis. *See Garcia*, 437 F.3d at 1331 (explaining that the Board's pendent jurisdiction over discrimination claims is "solely determined by considering the Board's jurisdiction over the adverse action alone" (citing 5 U.S.C. § 7702)).

### III. CONCLUSION

For the reasons explained above, this court agrees with the Board that Bledsoe has not made non-frivolous allegations which, if true, would establish that the Postal

Service acted arbitrarily and capriciously and thus entitle Bledsoe to a jurisdictional hearing.  The Board's dismissal is affirmed.

## AFFIRMED

### COSTS

Each party shall bear its own costs.

# United States Court of Appeals for the Federal Circuit

---

**SHIRLEY J. BLEDSOE,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

**AND**

**UNITED STATES POSTAL SERVICE,**
*Intervenor.*

---

2011-3054

---

Petition for review of the Merit Systems Protection Board in Case No. CH0353100935-I-1.

---

NEWMAN, *Circuit Judge*, dissenting from the dismissal for lack of jurisdiction.

Ms. Bledsoe appealed to the Merit Systems Protection Board, requesting review of the Postal Service's denial of her request for restoration to light duty service. The Board held a telephonic conference, requested evidence on the relevant factors, and upon consideration of the evidence and argument, and application of the prescribed standard of review, the Board concluded that the agency's decision

should be affirmed.  The Board then, curiously, did not affirm the agency's decision, but instead dismissed the appeal for lack of jurisdiction.  This inapt and illogical resolution "obscures the issue," as the Supreme Court remarked in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), counseling against "unrefined" jurisdictional rulings:

> Judicial opinions, the Second Circuit incisively observed, "often obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." *Da Silva*, 229 F.3d, at 361.  We have described such unrefined dispositions as "drive-by jurisdictional rulings" that should be accorded "no precedential effect" on the question whether the federal court had authority to adjudicate the claim in suit.  *Steel Co.*, 523 U.S. at 91, 118 S.Ct. 1003.

546 U.S. at 511.  As in *Arbaugh*, the issue here is not whether the Board had authority to adjudicate Ms. Bledsoe's claim, but whether her claim was properly denied on the merits.  As in *Arbaugh*, the dismissal of the claim as outside the Board's jurisdiction "obscures the issue." *Id.* The Board undoubtedly has jurisdiction to decide whether to sustain the agency's denial of restoration, for the Board is assigned this jurisdiction by statute.

5 U.S.C. §8151 provides certain restoration rights to employees who suffer on-the-job compensable injuries.  5 U.S.C. §7701(a) provides that an employee has the right of appeal to the Board "from any action which is appealable to the Board under any law, rule, or regulation."  The Postal Service's failure to restore a partially recovered employee is

the subject of 5 C.F.R. §1201.3, which explicitly provides for appeals to the Board from such agency action:

> (a) *Generally*. The Board has jurisdiction over appeals from agency actions when the appeals are authorized by law, rule, or regulation. These include appeals from the following actions:
>
> > . . . .
> >
> > (12) Failure to restore, improper restoration of, or failure to return following a leave of absence an employee or former employee of an agency in the executive branch (including the U.S. Postal Service and the Postal Rate Commission) following partial or full recovery from a compensable injury (5 CFR §353.304)[.]

Regulation 5 C.F.R. §353.304 in subsection (c) specifies the standard by which the agency's refusal to restore a partially recovered employee is reviewed by the MSPB:

> (a) Except as provided in paragraphs (b) and (c) of this section, an injured employee or former employee of an agency in the executive branch (including the U.S. Postal Service and the Postal Rate Commission) may appeal to the MSPB an agency's failure to restore, improper restoration, or failure to return an employee following a leave of absence. All appeals must be submitted in accordance with MSPB's regulations.
>
> . . . .
>
> (c) An individual who is partially recovered from a compensable injury may appeal to MSPB for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration. . . .

Several other regulations contain provisions applicable to partially recovered employees, such as 5 C.F.R. §353.301:

(d) *Partially recovered.* Agencies must make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty.

In order to appeal to the Board, the partially recovered employee must make non-frivolous allegations of the elements of the claim, viz., "that: (1) he was separated from his position due to a compensable injury; (2) he partially recovered from the injury; (3) he requested restoration within certain limitations; and, (4) the agency denied that request." *Walley v. Dep't of Veterans Affairs*, 279 F.3d 1010, 1019 (Fed. Cir. 2002).

The MSPB found that Ms. Bledsoe had made non-frivolous allegations of the elements of her claim and considered the reasons given by the Postal Service for denying restoration. The Postal Service stated that there was no "necessary and productive work available" within Ms. Bledsoe's medical restrictions. The administrative judge, at a status conference with the parties, stated that "in order to raise a non-frivolous allegation that denial of restoration was arbitrary and capricious, the appellant must identify a vacant position, or positions, within 50 miles" of her former work location, as this would constitute "specific, independent evidence corroborating her allegation that the denial was arbitrary and capricious." Ms. Bledsoe, aided by a union representative, identified three "door monitor" positions at her prior location, provided a description of the duties of this position, and explained why Ms. Bledsoe could perform those duties within her medical limitations. She

also presented evidence and argument as to the seniority of various employees at that location, as well as medical evidence of her partial recovery. The Postal Service and Ms. Bledsoe presented opposing evidence and argument as to the availability of suitable positions within the commuting area and Ms. Bledsoe's suitability for those positions.

The panel majority states that the Board did not consider this record evidence, which was submitted thirty-two days before final decision. However, the Board did not exclude the evidence, nor put Ms. Bledsoe on notice of its purported procedural defects. This would be a different case, if the administrative judge had refused to consider the evidence that it requested and that was provided. *See Frampton v. Dep't of Interior*, 811 F.2d 1486, 1489 (Fed. Cir. 1987) ("A fair hearing for employees who appeal to the MSPB from agency decisions is the basic cornerstone of employee rights."); *accord Schucker v. Fed. Ins. Deposit Corp.*, 401 F.3d 1347 (Fed. Cir. 2005) ("[F]airness in adjudicating employee's rights is a cornerstone of proceedings before the Board.").

The administrative judge decided that, on the regulatory standard for review of agency actions involving partially recovered employees, the decision of the Postal Service should be sustained. That is, in view of the highly deferential "arbitrary and capricious" standard specified by §353.304(c) for partially recovered employees, the agency's determination is not easily second-guessed. However, it does not follow that jurisdiction is lost, on affirming the merits of an appeal whose jurisdiction is assigned to the Board by statute. Such incorrect invocation of "jurisdiction" for a decision on the merits is confusing, error-prone, and subject to abuse. *See Do-Well Mach. Shop, Inc. v. United States*, 870 F.2d 637, 640 (Fed. Cir. 1989) ("To master this distinction [between dismissal on the merits and dismissal

for want of jurisdiction] is not merely an intellectual exercise without practical utility.").

The Court emphasized in *Henderson v. Shinseki*, _ U.S. _, 131 S. Ct. 1197 (2011) that judges should exercise "discipline" when using the term jurisdiction, for "the consequences that attach to the jurisdictional label may be so drastic," including "alter[ing] the normal operation of our adversarial system," "wast[ing] of judicial resources," and "unfairly prejudic[ing] litigants." 131 S. Ct. at 1202. Misdesignation of "jurisdiction" should not be condoned, for it can be invoked to abuse, for example to avoid the consequences of res judicata, or to change the standard of review, or to enable an untimely change of position or withdrawal of a concession, or to permit insertion of new issues after a deadline, or to shift the burdens or presumptions in midstream—for the rule appears to be inviolate that "jurisdiction" can be raised at any time.

The Court has often reminded the lower courts and the administrative tribunals that "the term 'jurisdictional' properly applies only to 'prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)' implicating that authority." *Reed Elsevier, Inc. v. Muchnick*, _ U.S. _, 130 S. Ct. 1237, 1243 (2010) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). In *Reed Elsevier* the Court reiterated the inaptness of "drive-by jurisdictional rulings":

> In *Arbaugh*, we described the general approach to distinguish "jurisdictional" conditions from claim-processing requirements or elements of a claim: "If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the is-

sue.  But when Congress does not rank a statutory
limitation on coverage as jurisdictional, courts
should treat the restriction as nonjurisdictional in
character."

*Id*. at 1244 (quoting *Arbaugh,* 546 U.S. at 515-16); *see also
Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction, there-
fore, is not defeated as respondents seem to contend, by the
possibility that the averments might fail to state a cause of
action on which petitioners could actually recover.").  The
standard of review is not an element of jurisdiction.  The
standard of "arbitrary and capricious" is deferential, not
jurisdictional.  In *Spruill v. Merit Systems Protection Board*,
978 F.2d 679 (Fed. Cir. 1992) this court explained that: "The
forum had jurisdiction to hear the matter in the first in-
stance—that is, subject-matter jurisdiction existed—as long
as the petitioner asserted nonfrivolous claims," *id*. at 687-
88, and pointed out that: "Sometimes the question of subject
matter jurisdiction gets confused with the question of enti-
tlement to relief, that is, whether a cause of action has been
stated in the complaint, or later proved." *Id*. at 686.  Such
confusion is here apparent.

Entitlement to relief was the dispute in Ms. Bledsoe's
appeal to the MSPB, not subject matter jurisdiction or
personal jurisdiction.  In *Union Pacific Railroad Co. v.
Brotherhood of Locomotive Engineers & Trainmen*, _ U.S. _,
130 S. Ct. 584 (2009), where the agency was the National
Railroad Adjustment Board, the Court explained that "there
is surely a starting presumption that when jurisdiction is
conferred, a court may not decline to exercise it.  The gen-
eral rule applicable to courts also holds for administrative
agencies directed by Congress to adjudicate particular
controversies." *Id*. at 590 (citation omitted); *see also Pruidze
v. Holder*, 632 F.3d 234, 240 (6th Cir. 2011) ("[A]n agency

cannot contract its power to hear claims that fall plainly within its statutory jurisdiction.").

The Board's jurisdiction is set by statute. No statute states that jurisdiction is ousted if the petitioner does not make her case. The standard by which the Board reviews agency action is not a matter of jurisdiction, but of procedural law. A review of the evidence going to the merits leads to a decision on the merits, not denial or grant of jurisdiction depending on whether the petitioner wins or loses. *See Bell*, 327 U.S. at 682 ("[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."); *Spruill*, 978 F.2d at 687 ("[F]ailure of proof of an element of the cause of action means the petitioner is not entitled to the relief he seeks."). The Board incorrectly characterized its decision as jurisdictional, denying its own jurisdiction assigned by 5 U.S.C. §7701(a) and 5 C.F.R. §353.304(c). This court compounds the error. From this court's flawed "drive-by jurisdictional" analysis, I must, respectfully, dissent.