NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MANJEET S. KHALSA,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**UNITED STATES POSTAL SERVICE,**
*Intervenor.*

---

2014-3009

---

Petition for review of the Merit Systems Protection Board in No. SF0353110870-I-2.

---

Decided: April 10, 2014

---

MANJEET S. KHALSA, of Union City, California, pro se.

MICHAEL A. CARNEY, General Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was BRYAN G. POLISUK, General Counsel.

ALEXANDER O. CANIZARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and DEBORAH A. BYNUM, Assistant Director.

_____

Before REYNA, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Manjeet S. Khalsa appeals from a decision of the Merit Systems Protection Board dismissing his appeal of the United States Postal Service's denial of restoration rights for lack of jurisdiction. *Khalsa v. U.S. Postal Serv.*, No. SF-0353-11-0870-I-2 (M.S.P.B. Aug. 7, 2013). Because the Board's conclusion is in accordance with the law and supported by substantial evidence, we *affirm.*

I.

In 1990, Mr. Khalsa suffered an on-the-job, compensable injury to his back while working as a letter sorting machine clerk at a Postal Service facility in California. He partially recovered, with medical restrictions on his ability to lift, bend, or stand for prolonged periods.

To accommodate his medical restrictions, the Postal Service assigned Mr. Khalsa to various modified positions at the San Francisco Postal and Distribution Center. In 2008, Mr. Khalsa received a bid position (a regular, funded position with a set position description on which people bid) as a mail processing clerk. The physical requirements of the bid position, however, exceeded Mr. Khalsa's medical restrictions. Thus, Mr. Khalsa continued to work in modified positions instead of assuming the bid position's duties.

In January 2009, Mr. Khalsa was informed that, pursuant to the Postal Service's National Reassessment Process, all modified positions in the San Francisco area would be reassessed to determine whether the positions were still needed. On September 24, 2009, Mr. Khalsa's supervisor, Gustavo Ortega, informed Mr. Khalsa that his modified position would be eliminated and that the Postal Service was unable to find any jobs for him within the local commuting area that could accommodate his medical restrictions. Mr. Ortega also presented Mr. Khalsa a letter informing him that his modified position would be eliminated. In response, Mr. Khalsa asserted that the Postal Service never allowed him to work in his bid position as a mail processing clerk. Even though the bid position's requirements exceeded Mr. Khalsa's medical restrictions, the Postal Service allowed Mr. Khalsa to perform those duties on a trial basis.

On September 28, 2009, Mr. Khalsa reported to work and completed a four-hour shift in the bid position. According to Mr. Ortega, Mr. Khalsa complained the next day that he could not perform his duties because the duties hurt his back. Mr. Ortega then issued a letter stating that Mr. Khalsa's modified position would be eliminated. The letter also instructed Mr. Khalsa not to report back for duty unless the Postal Service identified necessary work meeting his medical restrictions.[1]

Mr. Khalsa appealed the Postal Service's action to the Board, alleging that the Postal Service improperly denied restoration of his duties. The Administrative Judge dismissed Mr. Khalsa's appeal for lack of jurisdiction because Mr. Khalsa failed to show that the Postal Service's decision to deny his request for restoration was

---

[1]    Mr. Khalsa ultimately received a position in December 2010 as a Bulk Mail Unit clerk.

arbitrary and capricious.   On petition for review, the
Board affirmed the dismissal and made it final.

Mr. Khalsa appeals the Board's final decision.   We
have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II.

We must affirm the Board's decision unless it is arbi-
trary, capricious, an abuse of discretion, or otherwise not
in accordance with law, obtained without procedures
required by law, rule, or regulation having been followed,
or unsupported by substantial evidence.   5 U.S.C.
§ 7703(c).   We review the Board's jurisdictional decisions
de novo and its findings of fact for substantial evidence.
*Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1101 (Fed.
Cir. 2011).

The Federal Employees' Compensation Act, 5 U.S.C.
§ 8101 *et seq.*, and its related regulations provide that
federal employees who suffer on-the-job compensable
injuries have limited rights to be restored to their previ-
ous positions.   Under 5 C.F.R. § 353.301(d), an agency
must "make every effort to restore in the local commuting
area, according to the circumstances in each case, an
individual who has partially recovered from a compensa-
ble injury and who is able to return to limited duty."   If
the agency denies restoration, the individual may appeal
to the Board.   5 C.F.R. § 353.304(c).   To establish the
Board's jurisdiction over an appeal under § 353.304(c),
however, the individual must prove by a preponderance of
the evidence that, among other things, the denial of
restoration was arbitrary and capricious.   *Bledsoe*, 659
F.3d at 1104; *Latham v. U.S. Postal Serv.*, 117 M.S.P.R.
400, 409 n.9 (2012).

The Administrative Judge found that the Postal Ser-
vice searched unsuccessfully for available work within
Mr. Khalsa's medical restrictions in his "local commuting
area . . . of a 50-mile radius, . . . both inside and outside

[his] craft and regular tour of duty." I.A 21. Following these findings and based on its consideration of the record, the Administrative Judge determined—and the Board affirmed the determination—that Mr. Khalsa did not establish the Board's jurisdiction. That is, the Administrative Judge and the Board determined that the agency did not act arbitrarily or capriciously in denying restoration.

On appeal to this Court, Mr. Khalsa presents essentially the same arguments he made to the Board. The Administrative Judge and the Board addressed all of his arguments, and both found that the Postal Service did not act arbitrarily or capriciously in denying restoration. We agree with the Board.

Mr. Khalsa argues that the Board erred by not discrediting Mr. Ortega's testimony that Mr. Khalsa complained after the four-hour trial. But the Administrative Judge evaluated and "credit[ed] Mr. Ortega's consistent account that [Mr. Khalsa] told him his back hurt and he could not perform the job over [Mr. Khalsa's] conflicting statements about whether his back hurt." I.A. 26. "[S]uch evaluations are 'virtually unreviewable' on appeal." *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998) (quoting *Clark v. Dep't of the Army*, 997 F.2d 1466, 1473 (Fed. Cir. 1993)).

Moreover, the Board heard and rejected Mr. Khalsa's argument that his supervisor's alleged failure to file an injury report in September 2009 shows Mr. Khalsa never complained of his back hurting after his four-hour trial in the bid position. The Board found that Mr. Khalsa raised the argument for the first time on petition for review and thus, it is not in the record. Additionally, the Board determined that Mr. Khalsa did not show why he could not have made the argument before close of the record. *See* 5 C.F.R. § 1201.115(a)(2). Consequently, the Board properly declined to consider this argument.

In any event, the Board properly concluded that the physical requirements of the bid position exceeded Mr. Khalsa's medical limitations. Mr. Ortega's unrebutted testimony demonstrated that the bid position required employees to push containers of mail in excess of 80 pounds, well in excess of Mr. Khalsa's 50-pound limitation.

In light of the foregoing, we find that the Board correctly concluded that Mr. Khalsa did not show that the Postal Service acted arbitrarily and capriciously in denying him restoration, and that the Board lacked jurisdiction to hear Mr. Khalsa's case under 5 C.F.R. § 353.304(c).

## III.

We have considered Mr. Khalsa's remaining arguments and find them unpersuasive. Because the Board correctly dismissed Mr. Khalsa's claims, we affirm.

**AFFIRMED**

COSTS

No costs.