NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRENDA WOODS,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3098

---

Petition for review of the Merit Systems Protection Board in No. AT-0353-12-0684-I-1.

---

Decided: October 14, 2014

---

BRENDA WOODS, of Memphis, Tennessee, pro se.

STEPHEN FUNG, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before MOORE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Petitioner Brenda Woods appeals the final decision of the Merit Systems Protection Board, which dismissed her claim for lack of jurisdiction. Ms. Woods argued that the United States Postal Service (USPS) failed to restore her to her previous position after she had partially recovered from a compensable injury. An administrative judge, however, concluded that Ms. Woods failed to submit sufficient documentary evidence showing that she had indeed partially recovered from her injury and dismissed the case for lack of jurisdiction. The Board affirmed the administrative judge's decision. Because substantial evidence supports the Board's decision, we affirm.

I

The facts of Ms. Woods's case have been detailed at length in *Woods v. United States Postal Serv.*, 188 F. App'x 1004 (Fed. Cir. 2006), but are briefly summarized here. Ms. Woods left her position as a Distribution Clerk at the USPS on April 3, 1989, complaining of stress based on "constant harassment and discrimination." Respondent's Appendix (R.A.) 36. She filed a claim for compensation for the stress with the Office of Workers' Compensation Program (OWCP), which was accepted. On September 13, 1991, OWCP issued a status report, explaining that Ms. Woods was "totally disabled for any employment with the USPS" due to a "phobic reaction to anything related to the agency." *Id.* at 27, 39. But it further stated that she was "capable of employment with a new employer." *Id.* at 27.

On February 5, 1992, she was offered a new position as a Support Assistant in the United States Army Corps of Engineers (USACE). The position was created as a result of an agreement between the USPS and the USACE to employ workers' compensation recipients who were no longer able to work for the USPS. On March 5, 1992, OWCP informed Ms. Woods that the position fit

within her work restrictions and gave her thirty days to accept the position or provide an explanation for refusing it. Ms. Woods did not respond because she considered the job offer defective. Because she failed to respond, OWCP considered Ms. Woods as having refused the position. Five months later, Ms. Woods appeared at USACE and attempted to begin her employment but USACE refused due to her previous failure to accept the offer by the deadline set by OWCP. On April 8, 1993, the USPS removed Ms. Woods from employment.

Ms. Woods timely appealed to the Board in April 1993, which affirmed her removal as not improper. R.A. 35–49. She appealed that decision to the United States District Court for the Western District of Tennessee, which affirmed, and then to the Sixth Circuit, which also affirmed. R.A. 101. She later appealed to the Board under the same grounds in 2005. The Board dismissed her appeal based on the application of *res judicata*, a holding that we affirmed. *Woods*, 188 F. App'x at 1007. On May 30, 2012, nearly twenty years after her removal, she filed the current appeal with the Board, alleging for the first time that the agency failed to restore her following her partial recovery from a compensable injury. R.A. 25, 77. An administrative judge, however, concluded that Ms. Woods had not provided evidence sufficient to prove she had "partially recovered" for purposes of establishing the Board's jurisdiction. R.A. 8–9. The Board affirmed the dismissal for lack of jurisdiction, and Ms. Woods appealed to this court. R.A. 3–4. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Whether the Board has jurisdiction to hear an appeal is a matter of law that this court reviews *de novo*. *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1101 (Fed. Cir. 2011). We are bound by the Board's factual findings underlying its jurisdictional determination unless those

findings are not supported by substantial evidence. *Id.* Ms. Woods bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.* at 1104.

Federal employees who partially recover from an injury sustained while working have certain rights of restoration to their position. 5 C.F.R. § 353.301(d). If an employee has partially recovered from her compensable injury, the agency "must make every effort to restore" her to work. *Id.* To establish jurisdiction under a partial recovery claim, the employee must prove that she partially recovered, meaning that she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her.[1] *Bledsoe*, 659 F.3d at 1103; *see also* 5 C.F.R. § 353.102.

Ms. Woods's allegation is that she partially recovered on September 13, 1991. Appellant's Informal Br. ¶ 2; R.A. 22. The Board, however, found that Ms. Woods failed to establish partial recovery, concluding that the documents that she submitted did not sufficiently substantiate her claim. R.A. 8–9. We agree with the Board.

The OWCP status report of September 13, 1991, on which Ms. Woods relies, does not indicate that she partially recovered from her disability for work at the USPS. On the contrary, this report expressly states that "Ms. Woods is *totally disabled* for any employment with the USPS," R.A. 27 (emphasis added), making her ineligible for restoration to her employment at this agency.

---

[1] An employee must also prove that: (1) she was absent from her position due to a compensable injury; (2) the agency denied her request for restoration; and (3) the denial was arbitrary and capricious. *Bledsoe*, 659 F.3d at 1103. We need only address partial recovery here, as that issue is dispositive.

No other document that Ms. Woods submitted to the Board provides evidence that she partially recovered from her total disability for employment at the USPS. One document (the undated "list of answers") stated that Ms. Woods's "doctor said [she] could not work at the [USPS]." R.A. 29. Another (the September 26, 1991 letter) also indicates that she "[is] not able to return to work with the [USPS]." R.A. 28. And another document (the September 28, 1992 letter) addressing her potential employment at USACE stated that the position was specifically designed for employees who were "otherwise prevented from returning to work at the [USPS]." R.A. 31. We have reviewed the remaining documents and find no evidence to suggest that Ms. Woods partially recovered from her total disability. We therefore agree with the Board that Ms. Woods has not made a sufficient claim of partial recovery in order to establish the Board's jurisdiction.

## III

Ms. Woods has not shown that the Board's factual findings related to jurisdiction are unsupported by substantial evidence. We have considered Ms. Woods's remaining arguments and find them unpersuasive. Thus, the Board's decision to dismiss the case for lack of jurisdiction is

**AFFIRMED**

COSTS

No costs.