**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GREGORY TURNER,
        Appellant,

v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
AT-0353-14-0838-I-1

DATE: September 28, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Gregory Turner, Memphis, Tennessee, pro se.

Cynthia R. Allen, Memphis, Tennessee, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction without a hearing. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2    The appellant, a City Carrier for the agency, suffered a compensable injury on October 27, 2006.  Initial Appeal File (IAF), Tab 12 at 20.  On August 5, 2010, the appellant filed a Board appeal, claiming that the agency had denied him restoration to duty under 5 C.F.R. part 353, subpart C.  *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-10-0960-I-1, Initial Appeal File (0960 IAF), Tab 1.  On March 31, 2011, the administrative judge issued an initial decision finding that the agency had arbitrarily and capriciously denied the appellant restoration and ordering the agency to return the appellant to duty.  0960 IAF, Tab 39, Initial Decision.  Neither party petitioned for review, and the initial decision became the final decision of the Board.  *See* 5 C.F.R. § 1201.113.

¶3    On September 27, 2013, the appellant filed a petition for enforcement of that decision.  *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-10-0960-C-1, Compliance File (0960 CF), Tab 1.  On July 25, 2014, the administrative judge issued a compliance initial decision denying the petition for enforcement.  0960 CF, Tab 11, Compliance Initial Decision (CID).  However, because it appeared to the administrative judge that the appellant was raising a new claim of failure to provide restoration, she docketed the instant appeal on his behalf.  CID at 3-4.

¶4    In this appeal, the appellant alleged that the agency denied him restoration when, beginning on April 1, 2013, it reduced his 8-hour per day limited duty assignment to 6 hours per day.  IAF, Tab 5 at 4.  After the parties filed evidence and argument on the issue, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing.  IAF, Tab 13, Initial Decision (ID) at 1, 5.  She found that the appellant failed to make a nonfrivolous allegation of Board jurisdiction over the appellant's alleged denial of restoration in September 2013.  ID at 4-5 & n.4.

¶5    The appellant has filed a petition for review, arguing that the administrative judge overlooked much of the record evidence in rendering her decision.  Petition

for Review (PFR) File, Tab 3. The agency has filed a response in opposition, PFR File, Tab 4, and the appellant has filed a reply to the agency's response, PFR File, Tab 6.

¶6    To establish jurisdiction over a restoration appeal under 5 C.F.R. § 353.304(c),[2] an appellant must prove by preponderant evidence that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d).[3]    *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012). If the appellant makes nonfrivolous allegations of jurisdiction to all four elements of the jurisdictional standard, he is entitled to a jurisdictional hearing if he requested one. *See Bledsoe*, 659 F.3d at 1102. Here, it is undisputed that the appellant made nonfrivolous allegations as to the first two jurisdictional elements. ID at 4.

¶7    Regarding the third jurisdictional element, the administrative judge found that the appellant failed to make a nonfrivolous allegation that the agency denied him restoration because the reduction in his limited duty hours was at his doctor's request. ID at 4-5. We disagree. The appellant began requesting 2 hours of leave per day beginning in late March or early April 2013, which he alleged was due to the agency's reduction of his work hours. IAF, Tab 1 at 85-87, Tab 6 at 4.

---

[2] Effective March 30, 2015, the Board amended its regulations concerning the burden of proof for establishing jurisdiction over restoration appeals filed under 5 C.F.R. § 353.304. 5 C.F.R. § 1201.57(a)(4) (2015). The amended regulations do not apply to the instant appeal, however, because they apply only to appeals filed on or after March 30, 2015. 80 Fed. Reg. 4489, 4489 (Jan. 28, 2015).

[3] It is undisputed that the appellant is a partially recovered employee with restoration appeal rights under 5 C.F.R. § 353.304(c). ID at 3.

The administrative judge improperly limited the scope of the appellant's claim to September 2013. IAF, Tab 4 at 4. If the reduction in hours beginning in April 2013 was not at the appellant's request, then the agency's reasons for reducing his limited duty hours are immaterial to the third jurisdictional element. The fact that the agency reduced those hours is sufficient to establish a nonfrivolous allegation that it denied the appellant restoration. *See Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶ 9 (2012) (determining that the partial elimination of a previously afforded limited duty assignment may constitute an appealable denial of restoration). The agency's reasons for reducing the appellant's limited duty hours go to the fourth jurisdictional element, i.e., whether the denial of restoration was arbitrary and capricious.

¶8      Regarding the fourth jurisdictional element, we disagree with the administrative judge that the appellant failed to make a nonfrivolous allegation that it was arbitrary and capricious for the agency to reduce his limited duty hours from 8 to 6 per day. ID at 5 n.4. The administrative judge found that the agency reduced the appellant's limited duty hours in September 2013—around the time that it received letters from the appellant's doctor stating that the appellant was working 6 hour per day at her direction and that he was just barely able to cope with that workload. ID at 1; IAF, Tab 12 at 11-12. Yet, as discussed above, the appellant indicated that he was claiming a violation of restoration rights beginning on April 1, 2013. IAF, Tab 5 at 4. The record shows that the appellant routinely was taking 2 hours of leave every day, beginning on March 22, 2013, through the date that he filed the instant appeal.[4] IAF, Tab 1 at 26-87. Moreover, as he correctly argues on review, his doctor indicated on his Office of Workers' Compensation Programs (OWCP) Forms CA-17, Duty Status Report, from April 1, 2013, through January 1, 2014, that he was able to work 8 hours per day,

---

[4] The vast majority of the appellant's 2-hour absences are coded 049, which indicates leave without pay related to a compensable injury. IAF, Tab 1 at 26-85; *see* U.S. Postal Service Time and Attendance Handbook F-21, § 345.1(a), Appendix B.

40 hours per week, with restrictions. *Id*. at 13-18; PFR File, Tab 3 at 6. The record contains no indication of what prompted the agency to reduce the appellant's working hours on or about April 1, 2013. In fact, the declaration from the agency's Injury Compensation Specialist appears to indicate that the appellant should have been allowed 8 hours of work during that time. IAF, Tab 11 at 6, 9-10. Without knowing the reason for the agency's action, we cannot determine whether that action was arbitrary and capricious.

¶9        Furthermore, the record contains three September 2013 letters from the appellant's doctor, indicating that the appellant should work no more than 6 hours per day. IAF, Tab 12 at 11-14. The record also shows that on June 11, 2014, the agency's doctor stated that the appellant should be restricted to working 6 hours per day and that OWCP accepted these restrictions. *Id*. at 17-19, 25-26. In addition, on October 24, 2014, the appellant wrote a letter to OWCP protesting a job offer in part because it was for more than 6 hours per day.[5] *Id*. at 23-24. However, none of these events, which far postdate the initial reduction of the appellant's limited duty hours in the spring of 2013, shed any light on what occurred between April and September 2013. Next, although the appellant's doctor indicated in two September 2013 letters that the appellant should work no more than 6 hours per day, the Form CA-17 Duty Status Reports issued by the same doctor on the same dates indicated that the appellant had no such restriction. IAF, Tab 1 at 15-16, Tab 12 at 11-12. On this record, the appellant has made a nonfrivolous allegation that the agency acted arbitrarily and capriciously when it reduced his work hours beginning in April 2013, including during and after September 2013. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (finding that, in determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may

---

[5] Effective November 14, 2014, OWCP terminated the appellant's wage loss benefits on the basis that he failed to accept suitable work for 6 hours per day. IAF, Tab 12 at 22, 30-32.

consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive).

¶10     On remand, the administrative judge should make findings regarding the circumstances surrounding the reduction in the appellant's working hours in late March and early April of 2013.[6] In light of these findings and the conflicting medical evidence described above, the administrative judge should make new findings on whether the agency acted arbitrarily and capriciously in denying the appellant restoration from September 2013 onward. Because the alleged denial of restoration began approximately 6 months before the appellant filed his petition for enforcement, there also is a question regarding timeliness. *See* 5 C.F.R. § 1201.22(b)(1) (a Board appeal generally must be filed within 30 days of the effective date of the action being appealed). The jurisdictional and timeliness questions appear to be inextricably intertwined, and we are therefore unable to determine whether the appeal is untimely. *See Wright v. U.S. Postal Service*, 105 M.S.P.R. 425, ¶ 9 (2007).

---

[6] The initial decision indicates that the appellant requested a hearing, ID at 1, but we were unable to locate a hearing request in the record. On remand, the appellant should clarify whether he indeed is requesting a hearing. If so, he is entitled to one.

**ORDER**

¶11     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.



FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.