**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CARISSIMA M. PETTUS,
             Appellant,

v.

DEPARTMENT OF THE NAVY,
             Agency.

DOCKET NUMBER
DC-0353-13-0409-I-2

DATE: November 5, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Dominick G. Yacono, Esquire, and Julia Alexandra Fitzmaurice, Esquire,
    Norfolk, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this restoration appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant, a GS-05 Police Officer at the agency's Naval Weapons Station Yorktown, Virginia, sustained a work-related injury on November 30, 2011, which the Office of Workers' Compensation Programs (OWCP) accepted on January 26, 2012. *Pettus v. Department of the Navy*, MSPB Docket No. DC-0353-13-0409-I-1 Initial Appeal File (IAF), Tab 1, Tab 16 at 12. Following surgery, the appellant worked in a limited duty position until August 28, 2012, when she experienced a recurrence of her injury, which was later accepted by the OWCP. IAF, Tab 8 at 49, 80. The appellant saw her orthopedic surgeon on November 26, 2012, and he determined that she had reached maximum medical improvement such that her restrictions were permanent. *Id.* at 15-17. On November 29, 2012, the appellant provided the agency with medical documentation from her orthopedic surgeon, *id.*, and requested immediate restoration, *id.* at 25. The agency subsequently issued the appellant a notice stating that it was unable to accommodate the appellant in her Police Officer position. IAF, Tab 16 at 19-21. The appellant then filed this appeal. IAF, Tab 4.

¶3      In pertinent part, the administrative judge rejected the appellant's claim for restoration as a physically disqualified individual under 5 C.F.R. § 353.301(c) because the appellant first requested restoration on November 29, 2012, 1 day before her entitlement to such restoration expired. *Pettus v. Department of the Navy*, MSPB Docket No. DC-0353-13-0409-I-2 (I-2 IAF), Tab 22, Initial Decision (ID) at 3-5.[2] Under those circumstances, the administrative judge determined that she could not find that the agency improperly failed to provide

---

[2] The administrative judge dismissed the appeal without prejudice and the appellant later refiled it in keeping with the administrative judge's instructions. IAF, Tab 27; I-2 IAF, Tab 1.

the appellant restoration rights under 5 U.S.C. § 353.301(c), because there was no longer any time left when she requested restoration to locate positions for her before the end of her 1-year entitlement to restoration under the regulation. ID at 4. Thus, the administrative judge found that the appellant failed to establish jurisdiction over her restoration claim. ID at 9.

¶4      However, contrary to the administrative judge's conclusion, we find that the appellant nonfrivolously alleged facts that, if proven, would establish that the agency violated her restoration rights as a "physically disqualified" individual. The pertinent regulation provides that:

> An individual who is physically disqualified for the former position or equivalent because of a compensable injury, is entitled to be placed in another position for which qualified that will provide the employee with the same status, and pay, or the nearest approximation thereof, consistent with the circumstances in each case. This right is agencywide and applies for a period of 1 year from the date eligibility for compensation begins. After 1 year, the individual is entitled to the rights accorded individuals who fully or partially recover, as applicable.

5 C.F.R. § 353.301(c).      Presuming that the appellant's eligibility for compensation began on the date of her initial compensable injury, November 30, 2011, because the record reflects that she provided evidence establishing her physical disqualification within 1 year after this date, i.e., November 29, 2012, she was entitled to be placed in another position for which she qualified that provided her with the same status and pay, or the nearest approximation of that status and pay, consistent with the circumstances of her case. *E.g.*, *Hall v. Department of the Navy*, 94 M.S.P.R. 262, ¶ 24 (2003). Moreover, given that the appellant requested restoration just 3 days after her orthopedic surgeon found that she had reached her maximum medical improvement and that she provided the agency with medical evidence establishing her physical disqualification within the requisite 1 year after her eligibility for compensation began, we find that the appellant has exercised diligence in requesting restoration. *See, e.g.*, *Gerdes v.*

*Department of the Treasury*, 89 M.S.P.R. 500, ¶ 13 (2001) (discussing that, aside from making a request for restoration within 1 year after eligibility for compensation begins, 5 C.F.R. § 353.301(c) contains no additional requirements for placing an agency on notice that restoration is sought).

¶5     Accordingly, we find that the appellant has nonfrivolously alleged facts that, if proven, would establish that she was a physically disqualified individual and that the agency violated the restoration rights to which she was entitled.  She therefore is entitled to a jurisdictional hearing at which she must prove jurisdiction by preponderant evidence.[3]  *See Bledsoe v. Merit Systems Protection Board,* 659 F.3d 1097, 1101-02 (Fed. Cir. 2011).

## ORDER

For the reasons discussed above, we REMAND the appellant's restoration claim to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:          _____

                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

---

[3] Effective March 30, 2015, the Board amended its regulations concerning the burden of proof for establishing jurisdiction over restoration appeals filed under 5 C.F.R. § 353.304.  5 C.F.R. § 1201.57(a)(4) (2015).  The amended regulations do not apply to the instant appeal, however, because they apply only to appeals filed on or after Marc 30, 2015.  80 Fed. Reg. 4489, 4489 (Jan. 28, 2015).