NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHNNIE LEWIS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**UNITED STATES POSTAL SERVICE,**
*Intervenor*

---

2014-3108

---

Petition for review of the Merit Systems Protection Board in No. CH-0353-12-0349-I-1.

---

Decided: May 13, 2015

---

JOHNNIE LEWIS, Chicago, IL, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

HEIDI L. OSTERHOUT, Commercial Litigation Branch, Civil Division, United States Department of Justice,

Washington, DC, for intervenor. Also represented by
BENJAMIN MARK MOSS, JOYCE R. BRANDA, ROBERT E.
KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

————————————

Before REYNA, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

## DECISION

Johnnie Lewis petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction. We *affirm*.

## DISCUSSION

### I.

Mr. Lewis is a Mail-Processing Clerk employed by the Postal Service ("agency") at its Cardiss Collins Processing and Distribution Center ("P&DC") in Chicago, Illinois. On March 9, 2012, he appealed to the Board alleging that the agency had failed to restore him to duty after his partial recovery from an on-the-job injury. He also alleged that the agency constructively suspended him from duty from February 12, 2012, to March 9, 2012, the date of his appeal. On December 10, 2012, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision in which she dismissed the appeal for lack of jurisdiction. *Lewis v. U.S. Postal Serv.*, No. CH-0353-12-0349-I-1 (M.S.P.B. Dec. 10, 2012) ("*Initial Decision*").

### II.

The AJ first addressed Mr. Lewis's restoration claim. In order for a partially recovered employee to establish Board jurisdiction over a restoration appeal, the employee must prove by a preponderance of the evidence that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or in a less physically demanding posi-

tion; (3) the agency denied his request for restoration; and (4) the agency's denial was arbitrary and capricious because the agency failed to perform its obligations under 5 C.F.R. § 353.301(d). *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1104 (Fed. Cir. 2011). As noted in *Bledsoe*, pursuant to § 353.301(d), an agency is required to make "every effort to restore" a partially recovered employee "in the local commuting area" and "according to the circumstances in each case." *Id.* at 1103.

Mr. Lewis suffered an on-the-job back injury in 1973. Following his return to work, he was the successful bidder on a manual-clerk position in the P&DC's Manual Letters Unit. This position was compatible with all his medical restrictions resulting from the 1973 injury. Mr. Lewis held this position for 35 years until the agency abolished all manual-clerk positions on August 27, 2011. After the agency abolished the manual-clerk positions, it replaced them with new non-traditional full-time ("NTFT") manual-clerk positions ("NTFT positions"). The evidence was undisputed that the NTFT positions have the same duties, qualifications, physical requirements, and pay level as the position that Mr. Lewis held for 35 years. The only difference is that the set hours of work of the new positions are 10 hours per day, 4 days per week. The abolished positions had set hours of work of 8 hours per day, 5 days per week. The agency posted the NTFT positions for bid in October and November of 2011 and in February of 2012. Mr. Lewis did not bid for any of the positions, however. The agency stated that, if Mr. Lewis had bid on a position, he would have received it, due to his seniority.

Based upon the record before her, the AJ held that the Board lacked jurisdiction over Mr. Lewis's restoration claim because Mr. Lewis had failed to make a non-frivolous allegation that he was denied restoration upon recovery from his compensable injury. *Initial Decision* at 7. "The appellant was offered more than 100 equivalent positions and he refused them," the AJ stated. *Id.*

at 6. In arriving at her decision, the AJ rejected as "not credible" Mr. Lewis's assertion that he did not bid on any of the posted positions because of his health and age. *Id.* at 5. Citing *Hardy v. United States Postal Service*, 72 M.S.P.R. 71, 74 (1996), *aff'd*, 114 F.3d 1207 (Fed. Cir. 1997), the AJ also held that, because Mr. Lewis had failed to establish Board jurisdiction over his appeal, the Board could not assume jurisdiction over his related discrimination claim. *Initial Decision* at 7.

With respect to Mr. Lewis's suspension from work claim, the AJ found that, because Mr. Lewis himself repeatedly requested leave during the period from February 12, 2012, through March 9, 2012, he failed to make a non-frivolous allegation that the agency suspended him from work. *Id.* at 9.

On March 7, 2014, the Board denied Mr. Lewis's petition for review and affirmed the *Initial Decision*. *Lewis v. U.S. Postal Serv.*, No. CH-0353-12-0349-I-1 (M.S.P.B. Mar. 7, 2014). As a result, the *Initial Decision* became the final decision of the Board. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### III.

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

### IV.

As seen, consistent with our decision in *Bledose*, the Board held that it lacked jurisdiction over Mr. Lewis's appeal and his related discrimination claim because Mr.

Lewis failed to make a non-frivolous allegation that he was denied restoration upon recovery from his compensable injury. Supporting the Board's holding is the AJ's finding that Mr. Lewis had the opportunity of bidding on more than 100 positions that were compatible with his medical restrictions and that were equivalent to his prior manual-clerk position, but that he chose not to do so. That finding, in turn, is based upon undisputed evidence of record. In addition, the AJ rejected as "not credible" Mr. Lewis's assertion that his health and age prevented him from working in any of the posted positions. On appeal, Mr. Lewis has failed to demonstrate that the findings of fact underlying the Board's holding that it lacked jurisdiction are not supported by substantial evidence. The Board's final decision must therefore be affirmed.

**AFFIRMED**

No Costs.