**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BRENDA A. JAKES, | DOCKET NUMBER |
| Appellant, | AT-0752-14-0614-B-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: January 12, 2016 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Brenda A. Jakes, Phenix City, Alabama, pro se.

Cheryl Smith, Esquire, Peachtree City, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which dismissed her appeal with prejudice for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the remand initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The facts of this case are set forth more fully in the Board's prior Remand Order. *Jakes v. Department of Defense*, Remand Order (Apr. 1, 2015) (Remand Order). Briefly, the appellant was employed as a Custodial Worker with the Department of Defense Education Activity at Loyd Elementary School, Fort Benning, Georgia. *Jakes v. Department of Defense*, MSPB Docket No. AT-0752-14-0614-I-1, Initial Appeal File (IAF), Tab 5 at 43, 139. Effective February 25, 2013, the agency removed the appellant from Federal service for physical inability to perform the essential functions of her position. *Id.* at 39-40, 139, 148.

¶3    The appellant filed a Board appeal, and the administrative judge issued an initial decision sustaining the agency's removal action. IAF, Tab 1 at 18, Tab 11, Initial Decision. The appellant filed a petition for review of the initial decision, which culminated in the Remand Order. *See Jakes v. Department of Defense*, MSPB Docket No. AT-0752-14-0614-I-1, Petition for Review File, Tab 1; Remand Order. In pertinent part, the Board found that the appellant's allegations below should have placed the administrative judge on notice that she was potentially alleging that the agency had violated her restoration rights. Remand Order, ¶¶ 18-19. The Board remanded the appeal for the administrative judge to provide the appellant with notice regarding the jurisdictional pleading requirements of a restoration appeal and an opportunity to submit evidence and argument on the issue of jurisdiction. *Id.*, ¶¶ 18-20.

¶4    On remand, the administrative judge provided detailed notice regarding what is necessary to establish jurisdiction over a restoration appeal as a fully recovered, partially recovered, or physically disqualified employee, and ordered the appellant to submit evidence and argument raising a nonfrivolous allegation of jurisdiction. *Jakes v. Department of Defense*, MSPB Docket No. AT-0752-14-0614-B-1, Remand File (RF), Tab 3. The appellant failed to respond to the order by the deadline established by the administrative judge. RF, Tab 4 at 1. Subsequently, the administrative judge issued a second order, which informed the

appellant that he would dismiss the appeal with prejudice for failure to prosecute if she failed to respond to the prior order by May 11, 2015. *Id.* at 1-2.

¶5    On May 7, 2015, the appellant electronically filed a new appeal form, attaching a pleading asserting that she underwent two surgical procedures and that her doctor had released her to perform "clerical duties only back in December 2014." Remand Petition for Review (RPFR) File, Tab 1 at 1-5. She further asserted that the agency had not identified any positions that she was qualified to perform because she lacked "any administrative background." *Id.* at 5. Because the pleading was filed with a new appeal form, the Atlanta Regional Office did not immediately forward it to the administrative judge. RPFR File, Tab 2 at 1. On May 15, 2015, the administrative judge, who was unaware of the appellant's May 7th filing, issued a remand initial decision dismissing her appeal with prejudice for failure to prosecute.[2] RF, Tab 5, Remand Initial Decision.

¶6    Approximately 3 weeks later, the Clerk of the Board informed the appellant that her May 7, 2015 pleading had not been forwarded to the administrative judge prior to the issuance of the initial decision and that the Board would docket the pleading as a petition for review of the initial decision. RPFR File, Tabs 2-3. Thereafter, the appellant filed a supplement to the petition for review, which included, among other things, a November 3, 2014 functional capacity evaluation (FCE)[3] indicating that the appellant had reached maximum medical improvement and was restricted to sedentary work. RPFR File, Tab 4 at 24-36. The agency responded to the petition for review, arguing that the appellant failed to raise a

---

[2] After the initial decision was issued, the appellant resubmitted her May 7, 2015 pleading by facsimile, accompanied by copies of the administrative judge's orders and medical documentation. RF, Tab 7.

[3] Although the FCE is dated November 3, 2014, it was signed by the appellant's physician on November 14, 2014. RPFR File, Tab 4 at 24, 28. Other documents in the record alternatively refer to the FCE as being issued on November 3, 2014 and November 14, 2014. *Compare* RPFR File, Tab 5 at 57, *with id.* at 64.

nonfrivolous allegation of jurisdiction over a restoration appeal and submitting a considerable volume of evidence that was not included in the record below. RPFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        We find that, because the pro se appellant made a good faith effort to comply with the administrative judge's second order, which the administrative judge was unaware of until after the remand initial decision had been issued, the appeal should not have been dismissed with prejudice for failure to prosecute.[4] Although she erroneously filed her response as a new appeal, unbeknownst to the administrative judge, the appellant made an effort to comply with his second order.  RPFR File, Tab 1.  The severe sanction of dismissal with prejudice for failure to prosecute an appeal should not be imposed where a pro se appellant appears to be confused by Board proceedings, or has made incomplete responses to Board orders, but has not exhibited bad faith or evidenced any intent to abandon her appeal.  *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000); *Wright v. Department of the Treasury*, 53 M.S.P.R. 244, 249 (1992).[5] Accordingly, we find that dismissal for failure to prosecute was not warranted under the circumstances of this case.

¶8        Because we find that the appeal should not have been dismissed for failure to prosecute, we must address the issue of the Board's jurisdiction over the appeal.  *See Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1102 (Fed. Cir. 2011) (discussing the two-step process for establishing Board jurisdiction over restoration appeals).[6]  The issue of jurisdiction is always before

---

[4] On review, neither party addressed this issue.  *See* RPFR File, Tabs 4-5.

[5] Furthermore, although the appellant failed to respond to the administrative judge's first order, failure to obey a single order ordinarily does not justify dismissal for failure to prosecute.  *See Chandler*, 87 M.S.P.R. 369, ¶ 6.

[6] Under *Bledsoe*, the U.S. Court of Appeals for the Federal Circuit held that to establish jurisdiction over a restoration appeal as a partially recovered individual, the appellant

the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003). For the following reasons, we find that the documents submitted by the agency in the first instance on review raise questions regarding the Board's jurisdiction that cannot be resolved based upon the current record. *See Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 11, 32 (2008) (holding that the Board may consider the agency's documentary submissions in determining whether an appellant has made a nonfrivolous allegation of Board jurisdiction).

¶9      The Federal Employees' Compensation Act and its corresponding regulations at 5 C.F.R. part 353 provide that Federal employees who suffer on-the-job compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. §§ 8101-8152, 8191-8193; *Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 9 (2008); 5 C.F.R. § 353.103(b). In the present case, it is undisputed that the appellant suffered a compensable injury and that her separation from Federal service was a result of her compensable injury. *See* RPFR File, Tab 5 at 10; *see also Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 20 (2013) (listing among the jurisdictional requirements for a claim of denial of restoration following partial recovery that the appellant was absent from his position due to a compensable injury, he recovered sufficiently to perform modified work, and his request to return was denied); 5 C.F.R. § 353.301(c) (explaining the restoration rights of physically

---

must prove by preponderant evidence: (1) absence due to a compensable injury; (2) sufficient recovery from the injury to return to duty on a part time basis or in a less physically demanding position; (3) agency denial of a request for restoration; and (4) denial of restoration rendered arbitrary and capricious. *Bledsoe*, 659 F.3d at 1104; *see Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012). Under the new standard set forth in 5 C.F.R. § 1201.57, an appellant must make nonfrivolous allegations with regard to the substantive jurisdictional elements. However, the new "nonfrivolous allegation" standard applies only in cases filed on or after March 30, 2015, 80 Fed. Reg. 4489-01, 4489-01 (Jan. 28, 2015) (codified at 5 C.F.R. § 1201.57), and is therefore inapplicable to this appeal.

disqualified individuals).  The record reflects that the appellant received Office of Workers' Compensation Programs (OWCP) compensation benefits for her shoulder injuries and that she was removed for physical inability to perform her Custodial Worker position as the result of those injuries.  IAF, Tab 5 at 39-40, 148-49, Tab 6 at 35; RPFR File, Tab 5 at 14, 20; *see King v. Department of the Navy*, 90 M.S.P.R. 341, ¶ 6 (2001) (finding that a compensable injury is a medical condition accepted by OWCP to be job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund).

¶10    However, under regulations issued by the Office of Personnel Management, the appellant's right to file a restoration appeal with the Board differs depending on the extent and timing of her recovery from her compensable injury.  *See Dean v. U.S. Postal Service*, 115 M.S.P.R. 56, ¶ 9 (2010).  In the case of a partially recovered employee, i.e., one who cannot resume the full range of regular duties but has recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements,[7] an agency must make every effort to restore the individual to a position within her medical restrictions and within the local commuting area.  *Mubdi v. U.S. Postal Service*, 114 M.S.P.R. 559, ¶ 7 (2010); 5 C.F.R. §§ 353.102, 353.301(d).  A partially recovered employee may appeal to the Board only for a determination of whether the agency was arbitrary and capricious in denying restoration.  *Urena v. U.S. Postal Service*, 113 M.S.P.R. 6, ¶ 9 (2009); 5 C.F.R. § 353.304(c).

¶11    In contrast, a physically disqualified employee is one who for medical reasons is unable to perform the duties of her former or an equivalent position, and whose condition is considered permanent with little likelihood for improvement or recovery.  5 C.F.R. § 353.102.  A physically disqualified employee has agencywide rights to placement, as near as possible, in a position of the same status and pay for 1 year from the time eligibility for injury

---

[7] Ordinarily, it is expected that a partially recovered employee will fully recover eventually.  5 C.F.R. § 353.102.

compensation begins.  *Kravitz v. Department of the Navy*, 104 M.S.P.R. 483, ¶ 5 (2007); 5 C.F.R. § 353.301(c).  After 1 year passes, the employee's restoration rights are equivalent to those of someone who is partially recovered or fully recovered, as applicable.  5 C.F.R. § 353.301(c).

¶12    On the record before us, we cannot determine whether the appellant was a physically disqualified or partially recovered employee at the time of her restoration request.  The evidence that the agency submits for the first instance on review reflects that the appellant's request for restoration has a complicated history and that her level of recovery may have changed over time.  *See* RPFR File, Tab 5 at 14-85.  For example, the agency submitted an August 1, 2014 job offer for a Custodial Worker position that it extended to the appellant, which stated that the offer was based upon medical restrictions dated April 10, 2014.  *Id.* at 25.  Those medical restrictions indicated that the appellant was unable to reach above or with her left shoulder, and was limited to 3 hours per day of lifting a maximum of 20 pounds with her left shoulder.  *Id*. at 49.  However, the appellant rejected this offer, and in September 2014, OWCP determined that the April 10, 2014 medical restrictions were invalid because they were provided prior to a left shoulder surgery that the appellant underwent in May 2014.  *Id.* at 29, 50.  Subsequently, OWCP clarified that the August 1, 2014 job offer was not suitable, and requested that the agency offer the appellant a position within the medical restrictions of the November 3, 2014 FCE, which indicated that she was restricted to sedentary work.  RPFR File, Tab 4 at 25, 30, Tab 5 at 30, 64.

¶13    Furthermore, the record does not reflect when the appellant requested restoration or when she became eligible for OWCP compensation, information that may be crucial to a determination of whether she had restoration rights as a physically disqualified employee when she first requested to return to work.  *See Mendenhall v. U.S. Postal Service*, 74 M.S.P.R. 430, 437-38 (1997) (finding that an appellant's right to restoration as a physically disqualified employee expired 1 year after he became eligible for injury compensation); 5 C.F.R. § 353.301(c).

Although the agency offered the appellant a Custodial Worker position in August 2014, the record does not reflect when she made her restoration request that culminated in this offer. RPFR File, Tab 6 at 25-27. In addition, although the record on review contains a letter from the Department of Labor indicating that the appellant began receiving OWCP compensation for wage loss effective February 25, 2013, her injury occurred almost 1 year earlier, and thus, she also may have been eligible for other forms of compensation beginning on an earlier date. *Id.* at 20-22; *see Leach v. Department of Commerce*, 61 M.S.P.R. 8, 14 (1994) (finding that the date that an appellant became eligible for OWCP compensation may have been earlier than the date that she received OWCP benefits for wage loss); 20 C.F.R. § 10.5(a) (defining compensation under the Federal Employees' Compensation Act as including amounts paid out of the Employees' Compensation Fund for items such as medical treatment and medical examinations conducted at the request of OWCP as part of the claims adjudication process).

¶14 Accordingly, because we are unable to determine when the appellant became eligible for OWCP compensation, when she requested restoration, and whether she was partially recovered or physically disqualified at the time of her request, it is unclear whether the agency afforded the appellant the restoration rights to which she was entitled. On review, the agency submits an affidavit indicating that it had searched vacancies in the Georgia/Alabama School District between November 14, 2014 and May 15, 2015, and found that the appellant did not meet the minimum qualification requirements for any of the vacancies. RPFR File, Tab 5 at 83-85. However, if the appellant requested restoration within a year of the date that she became eligible for OWCP compensation, and was a physically disqualified employee at the time of her request, she would have been entitled to agencywide consideration for vacancies for which she may have been qualified. *See* 5 C.F.R. § 353.301(c); *see also Hall v. Department of the Navy*, 94 M.S.P.R. 262, ¶¶ 25-26 (2003) (finding that an agency potentially

violated an appellant's rights as a physically disqualified employee by failing to consider him for vacancies for which he was qualified outside of the local commuting area), *modified on other grounds by Welby v. Department of Agriculture*, 101 M.S.P.R. 17, ¶ 15 (2006). Alternately, if the appellant was partially recovered when she requested restoration, or more than a year had passed since her eligibility for compensation, the agency may have been required to consider her for vacancies for which she was qualified within the local commuting area. *See* 5 C.F.R. § 353.301(c)-(d).

¶15        Therefore, because the evidence submitted by the agency on review raises questions regarding the Board's jurisdiction over this appeal, we remand the appeal for the administrative judge to afford the parties an opportunity to submit evidence and argument on the following issues: (1) when the appellant became eligible for OWCP compensation; (2) when the appellant requested restoration; (3) whether the appellant was a physically disqualified or partially recovered employee at the time of her restoration request; and (4) what actions the agency took in response to the appellant's request for restoration. If the administrative judge determines that the parties' responses raise a nonfrivolous allegation of jurisdiction over the appeal, he shall hold a jurisdictional hearing at which the appellant must prove jurisdiction by preponderant evidence. *See Bledsoe*, 659 F.3d at 1102.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.