## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

REGINA ROBLES,

               Appellant,

      v.

UNITED STATES POSTAL SERVICE,

             Agency.

DOCKET NUMBER
SF-0353-15-0837-I-1

DATE: June 28, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Guillermo Mojarro</u>, Upland, California, for the appellant.

<u>Aaron Carpenter</u>, Esquire, and <u>Micah C. Yang</u>, Esquire, Long Beach,
    California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 The appellant is employed by the agency as a Mail Processing Clerk. Initial Appeal File (IAF), Tab 1 at 1, Tab 13 at 166. On March 26, 1981, she was involved in a motor vehicle accident while working. IAF, Tab 13 at 151, 158. The Office of Workers' Compensation Programs (OWCP) accepted the following injuries for compensation: left clavicle fracture, laceration of liver, corneal abrasion, head injury, multiple contusions, and chronic post-traumatic stress disorder. *Id.* at 151, 158, 197-98.

¶3 The appellant returned to work in 1996, accepting a modified job offer. IAF, Tab 13 at 193-98. As of May 28, 2009, she was working approximately 35 hours per week within her medical restrictions. *Id*. at 180-81, 204. Her duties consisted of handling and distributing bundles of magazines, parcels, and other pieces of mail to mail carriers, and handling return-to-sender and Computerized Forwarding System mail. *Id*. at 29.

¶4 Beginning on January 16, 2015, the agency reduced the appellant's hours. IAF, Tab 1 at 6, Tab 9, Tab 13 at 35-72, 75-143. The appellant applied for OWCP wage-loss benefits for the period beginning January 10, 2015, claiming that no adequate work was available "based on most recent medical dated 11/21/14 (attached) CA 17[2] [sic] (non-occ[upational] condition(s) [sic]." IAF, Tab 13 at 151, 163. The referenced medical report reflects restrictions that appear to be unrelated to the appellant's on-the-job conditions or injuries. *Id.* at 165. For example, a physician diagnosed the appellant with fibromyalgia and

---

[2] A CA 17 form, or Duty Status Report, is used by OWCP to review an employee's ability or inability to perform work requirements and to assess whether the employee should obtain or retain benefits.

degenerative disc disease, and indicated that she was restricted in simple grasping, fine manipulation, and exposure to fumes and dust. *Id.*

¶5    On March 3, 2015, OWCP denied the appellant's wage-loss claim because she did not show that she had "work limitations associated with [her] accepted conditions." *Id.* at 151. OWCP closed the claim without compensation. *Id.* at 32, 34, 152. However, there is evidence in the file that OWCP continued to deem her 1981 injury as "Accepted [for] Medical Payments Only." *Id.*

¶6    The appellant filed an appeal alleging that the agency violated its Employee and Labor Relations Manual (ELM) § 546.622 by withdrawing her "long time limited duty assignment because [she] now has some other non OWCP/DOL[3] approved conditions which are concurrent conditions that are not caused by or related to the original job injury or disability." IAF, Tab 1 at 6. The appellant also alleged that there was work available within her restrictions. IAF, Tab 8 at 10. Finally, she alleged harmful procedural error and that the agency denied her restoration to duty due to her age, disability, and prior equal employment opportunity activity. IAF, Tab 1 at 6, Tab 8 at 5. The administrative judge issued a jurisdictional order explaining in detail what the appellant needed to prove to establish jurisdiction over her appeal. IAF, Tab 12.

¶7    The agency responded by filing a motion to dismiss the appeal, arguing that there was insufficient work within the appellant's restrictions for her to work consistently 35 hours per week and that she failed to establish nexus between her reduced work hours and a compensable injury. IAF, Tab 13 at 20. The agency also submitted an affidavit from a Postmaster, attesting that the appellant's hours were reduced because: (1) the mail volume began to drop in January 2015; (2) in February 2015, two Postal Support Employee Clerks, with no hours guaranteed, were converted to 30-hours-per-week full-time positions as Service, Sale and Distribution Associates (SSDA) pursuant to an American Postal Workers Union

---

[3] DOL is an abbreviation for Department of Labor.

memorandum of understanding; (3) in May 2015, three SSDAs were awarded full-time 40-hours-per-week job bids and their duties overlapped with the appellant's duties; and (4) her duty station added a third Passive Adaptive Scanning System (PASS) machine that provided information on which mail route a scanned parcel should be directed, thus eliminating the appellant's former duty of manually looking up routes. *Id*. at 28-30. The appellant responded by arguing that she had "approved on-the-job OWCP claims" and that the agency should have accommodated her noncompensable injuries when it reassigned her pursuant to ELM § 546.622. IAF, Tab 14. The appellant did not dispute any of the agency's stated reasons for the reduction in her work hours.

¶8      Without holding the requested hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that she was absent from her position due to a compensable injury. ID at 8. The administrative judge further found that, absent an otherwise appealable action, the Board has no jurisdiction to consider the merits of the appellant's claims of discrimination and prohibited personnel practices. ID at 8-9.

¶9      The appellant has filed a petition for review of the initial decision, reasserting the arguments she made on appeal and arguing that her work assignment was so unreasonable as to constitute a denial of restoration. Petition for Review (PFR) File, Tab 1 at 4. The agency has responded in opposition to her petition. PFR File, Tab 3.

## ANALYSIS

¶10     Based on our review of the record, we find that the appellant has presented a nonfrivolous allegation that her restoration claim is within the Board's jurisdiction. The Federal Employees' Compensation Act provides, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8151(b); *Scott v.*

*U.S. Postal Service*, [118 M.S.P.R. 375](#), ¶ 6 (2012).  As to "partially recovered" individuals, defined in the regulations as those who have recovered sufficiently from a compensable injury to return to part-time or light duty or to another position with less demanding physical requirements, regulations of the Office of Personnel Management (OPM) require agencies to "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty."[4]   *Scott*, [118 M.S.P.R. 375](#), ¶ 6; [5 C.F.R. §§ 353.102](#), 353.301(d).

¶11   Until recently, a partially recovered employee was required to prove Board jurisdiction over her restoration claim by preponderant evidence.  *Bledsoe v. Merit Systems Protection Board*, [659 F.3d 1097](#), 1104 (2011).  However, the Board amended its regulations to provide that an appellant who initiates a restoration appeal is required only to make nonfrivolous allegations with regard to the substantive jurisdictional elements.  Practices and Procedures, 80 Fed. Reg. 4,489, 4,496 (Jan. 28, 2015) (codified at [5 C.F.R. § 1201.57](#)).  The appellant filed the instant appeal after the regulation went into effect on March 30, 3015, and therefore is only required to meet this lower jurisdictional burden.  IAF, Tab 1; 80 Fed. Reg. 4,489.

¶12   Consequently, to establish Board jurisdiction over her restoration claim, the appellant must make nonfrivolous allegations that the agency violated her restoration rights.  [5 C.F.R. § 1201.57](#)(a)(4), (b).  This requires the appellant to allege facts that would show, if proven, that:  (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to

---

[4] To the extent that the appellant is asserting that she is a "physically disqualified" employee, she is entitled to the same rights as a partially recovered employee because her March 1981 injury was more than 1 year prior to the alleged denial of her restoration in January 2015.  [5 C.F.R. § 353.301](#)(c); *see* [5 C.F.R. § 353.102](#) (defining the terms physically disqualified and partially recovered for purposes of determining an employee's restoration rights).

duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *Kinglee v. U.S. Postal Service*, 114 M.S.P.R. 473, ¶ 10 (2010).

¶13    As to the first two elements of the jurisdictional test, we find that the appellant made nonfrivolous allegations that she was absent from her position due to her compensable injury and that she recovered sufficiently to return to work in a position with less demanding physical requirements than those previously required of her.  IAF, Tab 13 at 180-88, 193-98; *see Kinglee*, 114 M.S.P.R. 153, ¶ 12.  While the administrative judge found that the appellant failed to nonfrivolously allege that she continues to suffer a compensable injury, there is evidence that suggests that the appellant continues to be eligible for OWCP payment of her medical expenses.  IAF, Tab 13 at 32; ID at 7.  Payment of such benefits is sufficient to make an injury compensable for purposes of a restoration claim.  5 U.S.C. § 8101(12); *Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 11 (2008); 20 C.F.R. § 10.500(d).

¶14    We recognize that OWCP's denial of the appellant's wage-loss benefits for the period beginning January 2015 supports the administrative judge's finding that the appellant's reduction in hours was due to her noncompensable injuries.[5] ID at 7-8; IAF, Tab 13 at 151.  However, the administrative judge erred in weighing the evidence at the jurisdictional stage of the appeal.  ID at 7 & n.4; *see Tat*, 109 M.S.P.R. 562, ¶ 15 (finding the appellant's nonfrivolous allegations

---

[5] We find that an admission by the appellant's nonattorney representative that the appellant's absence was due to her noncompensable injuries has no evidentiary value. IAF, Tab 9 at 4; *see Harper v. Office of Personnel Management*, 116 M.S.P.R. 309, ¶ 9 (2011) (observing that pro se filings are to be construed liberally); *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168-69 (1995) (finding that, while the unchallenged statements of a party's representative may constitute nonfrivolous allegations of fact, they are not evidence).  Therefore, we do not agree with the administrative judge that this admission is a basis to find the appellant's injury to be noncompensable.  ID at 7.

that his absence from duty was due to his compensable injury to be sufficient to meet the first criterion to establish jurisdiction over his restoration appeal, notwithstanding contrary evidence presented by the agency); *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (finding that, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive).

¶15    As to the third element of the jurisdictional test, the agency provided the appellant with modified duties to accommodate the restrictions related to her compensable injury, and then reduced her hours in January 2015.  IAF, Tab 13 at 28-30, 35-72, 75-143, 180.  The reduction of hours previously provided as part of a limited-duty job offer can give rise to a restoration claim.  *Scott*, 118 M.S.P.R. 375, ¶ 9.  In addition, the appellant has alleged that, beginning January 19, 2015, she requested to return "into [her] long time limited duty assignment, and [her] requests have been denied, ignored and disregarded."  IAF, Tab 9 at 4-5.  Therefore, we find that the appellant has met her burden to nonfrivolously allege that the agency denied her request for restoration.

¶16    Finally, the appellant has nonfrivolously alleged that the agency's actions were arbitrary and capricious.  The agency may discontinue a modified assignment consisting of tasks within an employee's medical restrictions only if the duties of that assignment no longer need to be performed by anyone or those duties need to be transferred to other employees to provide them with sufficient work.  *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 31 (2012).  The agency presented evidence that it lacked sufficient work for the appellant because the "workload began to drop," the appellant's duties were reassigned to other employees, and some of her duties were eliminated by mechanization.  IAF, Tab 13 at 29-30.  On remand, the parties may present evidence to address the agency's proffered reasons for the reduction in the appellant's work hours,

such as evidence regarding whether the agency transferred her duties to other employees in a manner consistent with its collective bargaining agreements, rules, and regulations. IAF, Tab 13 at 23; *see Latham*, 117 M.S.P.R. 400, ¶ 32 (reflecting that the agency likely will be authorized to transfer work from modified-duty to nonmodified-duty employees as long as it does not, for example, violate any contractual provisions limiting its authority to combine work in different crafts, occupational groups, or levels into one job).

¶17    However, even assuming that the agency acted properly, as explained by the Board in *Latham*, 117 M.S.P.R. 400, ¶¶ 31-33, the appellant still can prove that the agency's denial of restoration was arbitrary and capricious if the record establishes that the agency did not examine the entire local commuting area in determining the available work within the appellant's medical restrictions. *Scott*, 118 M.S.P.R. 375, ¶ 12; 5 C.F.R. § 353.301(d). The appellant alleged that the agency failed to search the local commuting area for alternative work, and based on the evidence in the existing record, we find no indication that the agency conducted such a search. PFR File, Tab 1 at 6; IAF, Tab 8, Tab 13 at 28-30. We therefore find that the appellant made a nonfrivolous allegation that the agency's denial of restoration was arbitrary and capricious.

¶18    Because the appellant has nonfrivolously alleged the jurisdictional elements of her claim, she is entitled to a hearing on the merits. 5 C.F.R. §§ 353.304(c), 1201.57(a)(4), (b). Based on our finding that the appellant made nonfrivolous allegations of jurisdiction, we remand this appeal for further adjudication as explained below. In light of this disposition, we do not address the appellant's arguments as to the merits of her restoration, harmful error, and discrimination claims. PFR File, Tab 1 at 6.

¶19    The agency filed a motion to dismiss the appeal as untimely, and the administrative judge did not rule on this issue below. ID at 1 n.1; IAF, Tab 13 at 15-18. It appears from the record that the agency did not notify the appellant of her appeal rights. IAF, Tab 9, Tab 13 at 29-30. Under such circumstances, if the

appellant was not diligent in filing an appeal after learning she could do so, the administrative judge may examine whether to dismiss the appeal on that basis. *See Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶¶ 8-14 (2007) (discussing the appellant's burden to prove timeliness if he is not provided with notice of his appeal rights); 5 C.F.R. § 1201.57(c)(2) (requiring an appellant to prove the timeliness of the appeal by preponderant evidence). Otherwise, she should rule on the parties' pending motions to compel and hold a hearing on the merits, at which time the appellant must prove her restoration claim by preponderance of the evidence. 5 C.F.R. § 1201.57(c)(4); IAF, Tab 1 at 2, Tabs 16-17; ID at 8 n.5; *see Bedynek-Stumm v. Department of Agriculture*, 57 M.S.P.R. 176, 178 (1993).

## ORDER

¶20    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.