**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JACK FERRELL,
                Appellant,

       v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
SF-0353-14-0344-I-1

DATE: July 21, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Upland, California, for the appellant.

Scott L. Zielinski, Esquire, Long Beach, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The appellant, a nonpreference-eligible Laborer Custodial, filed an appeal alleging that the agency violated his restoration rights as an employee who has partially recovered from a work-related injury.[2]    The Office of Workers' Compensation Programs (OWCP) approved the appellant's claim for benefits for an on-the-job injury he sustained in February 2000.    He did not return to the workplace following his injury, remaining in a leave without pay status.    On or about December 16, 2013, the appellant requested a limited-duty assignment at the agency's Los Angeles Customer Call Center (LACCC).    He and his supervisor (H.R.)[3] discussed the request the following day.    The supervisor said he referred the matter to an employee (K.F.) charged with conducting job searches for employees with job-related disabilities.    On or about February 6, 2014, the appellant asked that his return-to-work request be forwarded to the U.S. Postal Service's District Reasonable Accommodation Committee, which assesses the reasonable accommodation needs of U.S. Postal Service employees.    H.R. and K.F. conducted work searches for the appellant in March 2014, relying on his February 2014 OWCP Duty Status Report as to the relevant medical restrictions. They said that their searches were unsuccessful in finding work within the appellant's medical restrictions within the local commuting area.

¶3    In the initial decision dismissing the appeal for lack of jurisdiction, the administrative judge found that the appellant failed to make a nonfrivolous allegation that the agency arbitrarily and capriciously denied him restoration. Among other things, the administrative judge found no indication that the agency's job search was geographically or otherwise inadequate.    IAF, Tab 39, Initial Decision at 7.

---

[2] The information in this paragraph is taken from the initial decision and is not in dispute.

[3] Initials are used for the names of supervisors and other employees.

¶4      In his petition for review, the appellant argues, as he did below, that there was work available within his medical restrictions at the LACCC.  Petition for Review (PFR) File, Tab 1.[4]  The agency filed a timely response, to which the appellant filed a timely reply.  PFR File, Tabs 3‑4.

## ANALYSIS

### The appellant made nonfrivolous allegations of Board jurisdiction over a partial‑recovery restoration appeal.

¶5      An individual who has partially recovered from a compensable injury may appeal to the Board for a determination whether the agency has denied restoration arbitrarily and capriciously.  *Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 8 (2013);  5 C.F.R. § 353.304(c).   Under the rules applicable to this appeal, establishing jurisdiction in a partial-recovery restoration case requires an appellant to prove by preponderant evidence that:  (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious.

---

[4] In support of this contention, the appellant adduced a declaration made under penalty of perjury from a postal manager (J.M.) in another appeal, which states that the LACCC is a work location that falls under the purview of the U.S. Postal Service headquarters and is not under the purview of the various Districts, and that searches for work for limited-duty employees at the LACCC are done separately from the work searches done for the Districts.  PFR File, Tab 1 at 10.  The agency argued that the Board should reject this evidence because, among other reasons, the appellant failed to show that it was unavailable despite his due diligence during the regional office proceeding.  PFR File, Tab 3 at 6-7.  We need not determine whether this evidence is new and material in light of our finding that the appellant made nonfrivolous allegations of jurisdiction during the regional office proceeding.  The administrative judge will consider J.M.'s declaration in the remand proceeding.

*See Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1102 (Fed. Cir. 2011); *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶¶ 11-12 (2016).[5]

¶6        Throughout this proceeding, the gravamen of the appellant's complaint has been that the agency has refused to provide him available work at the LACCC. *See*, *e.g.*, IAF, Tabs 1, 4; PFR File, Tab 1.  The appellant's allegations in this regard have been specific and detailed, namely, that:  the agency has allowed hundreds of other injured employees from all working crafts to receive rehabilitation job assignments as customer care agents in the LACCC; the agency is mandated to allow 30% of the workforce at the call centers to be composed of injured employees who are allowed to work in rehabilitation job assignments as customer care agents; the agency has arbitrarily and capriciously chosen the injured to work in rehabilitation job assignments as customer care agents in that the agency does not have a written method for choosing the injured to work in these positions, but leaves the matter to the unfettered discretion of certain supervisors; supervisor C.C. arbitrarily assigned a rehabilitation job to R.J.—who has medical restrictions similar to those of the appellant—after R.J. was separated from the U.S. Postal Service in 2012; C.C. attempted to arbitrarily assign A.M. a rehabilitation job at the LACCC even after A.M. declined the position several times;[6] and the agency has had 14 vacant rehabilitation job assignments in the LACCC since about January 2013.  IAF, Tab 4 at 6-8.[7]

---

[5] For appeals filed on or after March 30, 2015, establishing jurisdiction requires only that an appellant make nonfrivolous allegations as to these four elements. *Hamilton*, 123 M.S.P.R. 404, ¶¶ 11-12; 80 Fed. Reg. 4489 (2015) (codified at 5 C.F.R. § 1201.57(a)(4), (b)).   The difference in burdens of proof makes little practical difference in this case, as the administrative judge denied the appellant a jurisdictional hearing on the basis that he failed to make nonfrivolous allegations of jurisdiction.

[6] The appellant adduced a declaration from A.M. in which he requested that the agency provide the appellant the position at the LACCC, which he claims the agency has been improperly holding for him.  IAF, Tab 22 at 4-7.

[7] The appellant propounded numerous discovery requests to the agency concerning the availability of rehabilitation assignments at the LACCC.  IAF, Tab 14 at 10-16.  In a

¶7     Although both H.R. and K.F. certified that they searched for work for the appellant within his medical restrictions, they did not state whether their searches included the LACCC.  IAF, Tab 23 at 9, 80.  The agency's response to the appeal similarly did not address the appellant's allegations about the availability of work at the LACCC.  IAF, Tab 5.  Under these circumstances, we conclude that the appellant has made nonfrivolous allegations that work was available within his medical restrictions at the LACCC and that the agency acted arbitrarily and capriciously in refusing him such work.  Accordingly, we find that the appellant has made nonfrivolous allegations of jurisdiction over his restoration claim and is entitled to a jurisdictional hearing on that claim.

The agency's obligation to make efforts to restore the appellant to employment as an individual who has partially recovered from a compensable injury ended on April 29, 2014, when he fully recovered from his work-related injury.

¶8     On April 29, 2014, OWCP determined, effective that date, that the appellant had fully recovered from his work-related injury.  IAF, Tab 29 at 8-11.  Such determinations are "final and conclusive for all purposes and with respect to all questions of law and fact," 5 U.S.C. § 8128(b)(1), and are therefore binding on the Board, *As'Salaam v. U.S. Postal Service*, 85 M.S.P.R. 76, ¶ 15 (2000).  An OWCP determination that an employee has fully recovered from his compensable injury terminates any entitlement to restoration rights as a partially recovered employee.  *Id*.

¶9     Any restoration rights the appellant might have had after April 29, 2014, would be under 5 C.F.R. § 353.301(b), i.e., priority consideration on the agency's reemployment list, with appeal rights under 5 C.F.R. § 302.501, which requires him to present factual information that he was denied restoration rights because of the employment of another person.  If the appellant believes his restoration rights as an employee who has fully recovered from a compensable injury after

motion to compel, he asserted that the agency refused to provide appropriate responses to these discovery requests.  *Id.* at 4-5; IAF, Tab 15 at 62‑114.

1 year have been violated, then he should file a new appeal under 5 C.F.R. §§ 353.301(b), 302.501.

## ORDER

¶10     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.  Because the jurisdictional issues are synonymous with the merits issues, *see Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 n.9 (2012), the administrative judge will admit evidence on the appellant's contention that he was subjected to disability discrimination.  In addition, the administrative judge will permit the parties to engage in additional discovery, and will reconsider and address the appellant's previously filed motion to compel discovery.


FOR THE BOARD:                      _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.