## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIE L. JOHNSON,
               Appellant,

      v.

UNITED STATES POSTAL SERVICE,
               Agency.

DOCKET NUMBER
DA-0353-15-0011-I-2

DATE: September 13, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Sheila F. Campbell</u>, Esquire, North Little Rock, Arkansas, for the
    appellant.

<u>James M. Reed</u>, Tampa, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of the agency's denial of his request for restoration following his partial recovery from a compensable injury. Generally, we grant petitions such as this one only when: the initial decision

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant began his career as a City Carrier. In 2006, following a compensable injury, the agency placed him in a rehabilitation assignment performing primarily the duties of a passport clerk. *Johnson v. U.S. Postal Service*, MSPB Docket No. DA-0353-15-0011-I-2, Appeal File (I-2 AF), Tab 5 at 39-41. The appellant was reinjured in 2007, and the Office of Workers' Compensation Programs (OWCP) found that his injury was compensable. *Id.* at 24-25. In 2014, the appellant was released to return to work with certain medical restrictions, and he requested restoration. *Johnson v. U.S. Postal Service*, MSPB Docket No. DA-0353-15-0011-I-1, Initial Appeal File (IAF), Tab 6 at 15-18. The agency conducted a search for available duties within his medical restrictions, found none within the local commuting area, and denied the appellant's request for restoration. *Id.* at 10-12. This appeal followed.

¶3 The administrative judge found that the appellant's allegations were sufficiently nonfrivolous to warrant a jurisdictional hearing, I-2 AF, Tab 16, Initial Decision (ID) at 5-6, but he nevertheless dismissed the appeal for lack of

jurisdiction. The administrative judge found that the appellant failed to show that the denial of his restoration request was arbitrary and capricious. ID at 6-12.

¶4     The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responds in opposition to the petition for review. PFR File, Tab 3.

¶5     To establish jurisdiction over a restoration appeal as a partially recovered individual, an appellant must prove by preponderant evidence that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012). The administrative judge found, and we agree, that the appellant has satisfied the first three jurisdictional criteria. ID at 5. Furthermore, because the appellant filed this appeal on October 1, 2014, before the March 30, 2015 effective date of the Board's recent amendments to its jurisdictional regulations, the former version of the regulations, and therefore the old standard required proof of jurisdiction by preponderant evidence, applies in this appeal. ID at 1-2 n.1; 80 Fed. Reg. 4,489, 4,489, 4,496 (Jan. 28, 2015).

¶6     This case is different from cases similar to *Latham* because the agency did not abolish a limited-duty assignment because it ran out of work; rather, the appellant reinjured himself and was absent from work for some 7 years. The appellant may demonstrate that the denial of his request for restoration was arbitrary and capricious by showing that the agency failed to conduct a proper search for available work within his medical restrictions. *See Davis v. U.S. Postal Service*, 120 M.S.P.R. 122, ¶ 12 (2013); *Mubdi v. U.S. Postal Service*, 114 M.S.P.R. 559, ¶ 10 (2010). Here, the administrative judge correctly found

that there is no indication in the record that the search was inadequate. ID at 10-11; *see* IAF, Tab 6 at 10-18.

¶7        Moreover, the administrative judge correctly found that the appellant did not identify any available duties within the commuting area that were within his medical restrictions. ID at 10-11. In this regard, the appellant alleged that the duties of his 2006 rehabilitation assignment as passport clerk still existed, that they were still being performed by employee O.W., and that he should displace O.W. because of his allegedly superior seniority. Because rehabilitation positions are specially created positions tailored to the specific medical restrictions of the incumbent employee, when an employee no longer occupies the position, it evaporates and its duties are absorbed into other positions. Hearing Compact Disc (HCD) (testimony of Health and Resources Manager L.B.). Thus, the agency had no obligation to recreate the appellant's former rehabilitation position when those duties were not both available and within his medical restrictions. Instead, the agency's obligation, as it is in all restoration cases, is to conduct a search for available work within the local commuting area and within the appellant's medical restrictions. The mere fact that his former duties exist and continue to be performed in some form does not mean that they are available, and the appellant has not identified any legal authority that permits him to bump O.W.

¶8        Moreover, the appellant has not shown that the duties that O.W. actually performs are within the appellant's medical restrictions, which are more restrictive than O.W.'s restrictions. For example, O.W. regularly lifts parcels, packets of forms, and chairs weighing up to 5 pounds. HCD (testimony of employee O.W.). The appellant's most recent CA-17 imposes a lifting restriction of 1 pound for up to 2 hours per day and no simple grasping with his right arm. I-2 AF, Tab 5 at 46. Thus, while the duties of the appellant's former passport clerk assignment may still exist, the agency is under no obligation to allow employees to perform duties that exceed their medical restrictions. *Tram v. U.S. Postal Service*, 120 M.S.P.R. 208, ¶ 6 (2013). The appellant's right to restoration

is conditioned on the availability of work within his medical restrictions, *see Latham*, 117 M.S.P.R. 400, ¶ 55, and the fact remains that he has not shown that there is any available work *within his medical restrictions*. Thus, the appellant has not proven by preponderant evidence that the tasks of his former rehabilitation assignment are available and within his medical restrictions. *Richards v. U.S. Postal Service*, 118 M.S.P.R. 242, ¶ 10 (2012). It follows that he has not proven by preponderant evidence that the agency's denial of his request for restoration was arbitrary and capricious and he has not established Board jurisdiction over his appeal.

¶9    The appellant reiterates on review his argument below that he can perform the duties of his 2006 rehabilitation assignment with accommodations, although he does not identify what those accommodations might be. Dr. C.W., who performed an Independent Medical Evaluation on the appellant in 2010 at the request of OWCP, suggested that the appellant's lifting and reaching restrictions could be accommodated by replacing the tripod and the 8-pound camera that a passport clerk uses to take passport photos with a 1-pound (or less) digital camera and digital printer. IAF, Tab 5 at 41. As of September 2014, the appellant had the additional restriction of no grasping with his right hand. IAF, Tab 7 at 41. Because the appellant is right-handed, *see id.* at 38, and because digital cameras are generally designed for right-handed users, it is not clear how the appellant could use a right-handed camera only with his left hand, even if it were much smaller than the camera currently in use. Even if the appellant had been able to show that the duties of his former rehabilitation assignment were available, therefore, without additional evidence concerning his ability to use a right-handed camera with his left hand, he has not shown that his medical restrictions can be accommodated.

¶10   Finally, the appellant has submitted a number of documents with his petition for review, including time and attendance documents and copies of payroll checks. PFR File, Tab 1 at 7-14. None of these documents are relevant to

the issues in this appeal, and we have not relied upon them. Accordingly, we affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.