## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BENNY DURANTE, | DOCKET NUMBER |
| Appellant, | DA-0353-23-0231-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: December 5, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Wendi Durante, Fort Worth, Texas, for the appellant.

Deborah Charette, Esquire, and Alicia M. Dixon, Esquire, Washington,
D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

¶1       The appellant has filed a petition for review of the initial decision, which
dismissed his restoration appeal for lack of jurisdiction.  For the reasons
discussed below, we GRANT the appellant's petition for review, VACATE the
initial decision, and find that the Board has jurisdiction over the restoration

---

[1]  A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

appeal. We REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2     The appellant holds the position of Large Examining Printing Equipment Pressman Lead for the agency's Bureau of Engraving and Printing. Initial Appeal File (IAF), Tab 1 at 1, Tab 13 at 20-21. This is a position that requires substantial standing and other physical exertion, including lifting as much as 70 pounds. IAF, Tab 13 at 21.

¶3     In December 2022, the appellant sustained a knee injury and filed a claim for workers' compensation benefits.[2] *Id.* at 22. That same month, his physicians submitted two reports about the appellant's functional limitations, which were inconsistent with his position. *Id.* at 26-27 (report dated December 12), 32 (report dated December 28). For example, those limitations included no lifting over 5 pounds. *Id.* The first report also suggested that the appellant had some capacity to stand during a workday, *id.* at 26, while the second report indicated that he could not, *id.* at 32.

¶4     On January 4, 2023, the agency offered the appellant a "light/limited duty assignment" as an escort, but it reversed course after just that one day of work.[3] IAF, Tab 4 at 4, Tab 13 at 46-47. According to the appellant, the agency decided that his restrictions could not be met. IAF, Tab 4 at 4. A contemporaneous email from an agency official reflects similarly, stating that it could not allow the appellant to work if he was unable to stand at all during a work shift, as indicated in the most recent physician's report of limitations. IAF, Tab 13 at 32, 48.

---

[2] In the period that followed, there was some dispute about whether the appellant's injury was compensable, but the Department of Labor ultimately decided that it was. IAF, Tab 13 at 62-63. This back-and-forth is not particularly relevant to the instant appeal.

[3] By all accounts, the escort duties involved escorting and observing contractors throughout agency facilities that manufacture currency. *E.g.*, IAF, Tab 13 at 47. It seems that this is a duty that can oftentimes be done with the assistance of a motorized scooter. *E.g.*, *id*. at 13, 48, 79.

¶5 On February 8, 2023, the appellant's physician examined him again and submitted a new set of work-related limitations. This time those limitations included lifting no more than 10 pounds but also indicated that the appellant could not sit or stand during a workday. *Id.* at 78. During the next follow-up, on February 22, 2023, the physician reported similarly. IAF, Tab 4 at 23.

¶6 In the days that followed, the agency contacted the appellant's physician to clarify his restrictions as compared to available work. IAF, Tab 13 at 79-82. Consequently, on March 9, 2023, the agency once again offered the appellant a "light/limited duty assignment" as an escort. The appellant accepted the offer and began working in this capacity on March 13, 2013. IAF, Tab 4 at 5, Tab 13 at 83.

¶7 The appellant filed the instant appeal, arguing that he was capable of the light/limited duty escorting assignment throughout the period between January 5, 2023, and March 13, 2023, a period during which the agency indicated that it could not accommodate him. IAF, Tab 1 at 6. The administrative judge provided the appellant with the Board's standards for restoration appeals and instructed him to meet his jurisdictional burden. IAF, Tab 7. She later held a status conference, warning that the appellant had not yet met that burden. IAF, Tab 10. In particular, the administrative judge indicated that the appellant had failed to nonfrivolously allege that the agency did not meet its obligation to search within the local commuting area for vacant positions to which it could restore the appellant and consider him for any such vacancies. *Id.* at 3. After further pleadings from both parties, the administrative judge dismissed the appeal for the same reason. IAF, Tab 15, Initial Decision (ID) at 1, 5-8.[4] Among other things, she explained that the appellant presented no evidence or argument that the escort duties were the essential functions of an established position. ID at 8 (citing *Cronin v. U.S. Postal Service*, 2022 MSPB 13).

---

[4] The administrative judge separately found that the appellant established good cause for his delay in filing this appeal. ID at 3-5.

¶8      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1 at 5-7. With it, he attaches new evidence, which consists of training materials and an agency security manual. *Id*. at 13-231. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9      To establish Board jurisdiction over a restoration claim as a partially recovered employee, an appellant must make nonfrivolous allegations that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious. *Cronin*, 2022 MSPB 13, ¶ 12. The administrative judge found that the dispositive issue in this appeal is whether the appellant satisfied the last of these elements, and we agree.

¶10     In *Cronin*, the Board clarified this dispositive element of the appellant's jurisdictional burden. The Board explicitly overruled prior caselaw that had indicated that a denial of restoration may be arbitrary and capricious based on an agency's failure to comply with its self-imposed restoration obligations. *Id.*, ¶ 20. The *Cronin* decision explained that, while an agency may obligate itself through rule or policy, for example, to undertake restoration efforts beyond those required under 5 C.F.R. § 353.301(d), the Board's sole inquiry in an appeal alleging an arbitrary and capricious denial of restoration to a partially recovered employee is whether the agency complied with its obligation under 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore the employee and to consider him for any such vacancies. *Id.*

¶11     Throughout this appeal, the appellant has consistently argued that he could have performed escort duties during the relevant period. *E.g.*, IAF, Tab 4 at 5-6,

Tab 14 at 6-7. He argued that escort assignments were ongoing, with some individuals performing in that role for years at a time. IAF, Tab 11 at 4. The appellant also submitted escort schedules, alleging that they demonstrated a need for additional escorts during the January to March 2023 period at issue in this appeal. *Id.* at 6-18. However, the agency argued that these escort assignments are not permanent jobs, they are temporary light duties sometimes given to employees with compensable injuries pursuant to the agency's own internal policies. IAF, Tab 13 at 13-14. The agency also submitted its light and limited duty policy, which explains that light and limited duty assignment is neither guaranteed nor a permanent work arrangement. *Id.* at 36. The appellant presented no substantive argument or evidence to the contrary during the proceedings below.

¶12 On review, the appellant argues for the first time that "Escorting is a job" at the agency. PFR File, Tab 1 at 5. He points us to the documents in which the agency offered him the assignment, arguing that they prove that escorting is a position in the agency. *Id.* at 5-6 (referencing IAF, Tab 13 at 46-47, 83). While he is correct that these documents include references to a "light/limited duty assignment offer" and "job title: escorting (unclassified)," we are not persuaded that this is enough to satisfy his jurisdictional burden. The appellant has effectively presented a bare and conclusory assertion that Escort was a position within the agency, as opposed to a light duty given to injured employees pursuant to the agency's internal policies. *See* 5 C.F.R. § 1201.4(s) (explaining that an allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory; is plausible on its face; and is material to the legal issues in the appeal); *see also Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 8 (2016) (discussing nonfrivolous allegations in the context of restoration appeals and explaining that a vague, conclusory, or unsupported allegation, such as one that essentially repeats the legal standard, without more, is pro forma and insufficient), *aff'd per*

*curiam*, 679 F. App'x 1006 (Fed. Cir. 2017), *overruled on other grounds by Cronin*, 2022 MSPB 13.

¶13    We are similarly unmoved by evidence the appellant submitted for the first time on review.  PFR File, Tab 1 at 13-231.  The evidence seems to only show that escorting is a duty for which the agency has established rules and training materials.  *Id.* at 13-39, 95-97.  Nothing about this evidence lends support to the appellant's suggestion that Escort is an established position within the agency.

¶14    Lastly, we note that the appellant's petition summarily states that he was unaware of the need to allege that the agency failed to search the local commuting area for vacant positions and to consider him for those positions.  *Id.* at 7.  But the administrative judge explicitly described this pleading requirement in two orders and afforded the appellant the opportunity to respond before she dismissed his appeal.  IAF, Tab 7 at 7-8, Tab 10 at 2-3.

¶15    Although we are not particularly moved by the appellant's arguments on review, we nevertheless find that the Board has jurisdiction over this appeal, requiring that we remand for further adjudication on the merits.  As recognized by the U.S. Court of Appeals for the Federal Circuit, "partially recovered employees only enjoy a right to have the agency make 'every effort to restore' them 'in the local commuting area' and 'according to the circumstances in each case.'" *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103 (Fed. Cir. 2011) (quoting 5 C.F.R. § 353.301(d)), *superseded in part by regulation on other grounds as stated in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016).  Here, though, the agency's filings suggest that the agency may not have met those restoration obligations, which included looking beyond the appellant's own position.  *E.g.*, IAF, Tab 13 at 9-14.  This is most pronounced in a pleading in which the agency argued that 5 C.F.R. § 353.301(d) "is silent with regard to 'light duty' encompassing duties which do not comprise any part of the employee's regular position, to which he is entitled to be restored.  Instead, the regulation refers only to 'limited' duty and appears to be referring to tasks

assigned which are part of the essential duties of the employee's regular position of record." *Id.* at 11. On review, the agency's response to the appellant's petition for review only adds to our suspicion by arguing that it "more than fulfilled [the agency's] obligations by offering a light duty assignment to [a]ppellant." PFR File, Tab 3 at 8.

¶16     Under these circumstances, we find that the Board has jurisdiction over the appellant's restoration appeal. On remand, the administrative judge should direct the parties to submit argument and evidence about whether the agency searched the local commuting area for vacant funded positions. The agency may have done so, but its pleadings up to this point are at best confusing and at worst indicative of the agency not meeting its obligations. After developing the record the administrative judge should issue a remand initial decision, on the merits.

## ORDER

¶17     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                   _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.