NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**JULIAN R. HOOD, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2026-1099

---

Petition for review of the Merit Systems Protection Board in No. CH-0353-24-0299-I-1.

---

Decided:  April 16, 2026

---

JULIAN HOOD, JR., Escondido, CA, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH.

---

Before CHEN, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

Julian R. Hood Jr., a pro se litigant, appeals from a final decision of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. *Julian Hood Jr. v. U.S. Postal Serv.*, No. CH-0353-24-0299-I-1, 2025 WL 3241066 (M.S.P.B. Sept. 30, 2025) (*Decision*) (SAppx 1–17).[1]  The Board held that Mr. Hood's appeal, contending that he should be restored to duty after partially recovering from an injury, was barred by collateral estoppel because the dispositive issues had previously been fully litigated before the Board.  The Board further held that Mr. Hood failed to present new evidence that would change the jurisdictional analysis as to his restoration appeal.  For the reasons discussed below, we *affirm*.

BACKGROUND

In 1999, Mr. Hood began working as a part-time Flexible Mail Processing Clerk for the Postal Service in Grand Rapids, Michigan.  He filed an Office of Worker's Compensation Programs (OWCP) claim for workplace stress that occurred in December 2000.  The OWCP partially accepted his claim and awarded him compensation for an episode of Major Depressive Disorder from December 21, 2000 to January 12, 2001.  The OWCP awarded him compensation for subsequent periods in 2001 and 2002.

On October 30, 2002, Mr. Hood and the Postal Service entered into a Last Chance Agreement (LCA) to resolve a fourteen-day suspension and a Notice of Removal.  He was subsequently removed in August 2003 for "failure to be regular in attendance/violation of [LCA]," based on his unscheduled absences between April 1, 2003, and July 17, 2003. *Decision*, 2025 WL 3241066, at 1–2.

---

[1]     Because the online version of the Initial Decision lacks pagination, we use the pagination employed in the Board's original document.  "*Decision*, 2025 WL 3241066, at 1," for example, corresponds to the first page of the decision, located at SAppx 1.

In November 2005, Mr. Hood signed a settlement agreement to resolve an Equal Employment Opportunity (EEO) complaint he had filed. The agreement paid Mr. Hood monetary compensation and changed his removal to a "resignation." In exchange, Mr. Hood agreed to waive his right to pursue "all other employment claims and grievances that are pending or could have been brought" against the Postal Service, except for his then-pending OWCP claim, and he agreed not to apply for employment with the Postal Service. On December 14, 2007, the Office of Personnel Management (OPM) approved Mr. Hood's application for disability retirement.

In 2014, Mr. Hood filed a Board appeal alleging that the agency failed to restore him to duty after he partially recovered from an injury. The administrative judge (AJ) dismissed the appeal for lack of jurisdiction, finding that Mr. Hood failed to establish that his removal in 2003 was due to a compensable injury because the dates of unscheduled absences the Postal Service cited in Mr. Hood's removal did not correspond to OWCP-covered dates.

In 2016, the Board dismissed Mr. Hood's subsequent restoration-related claims, including challenges to his resignation and disability retirement. The Board explained that those claims did not confer jurisdiction absent a valid restoration claim. In a subsequent appeal in 2017, the Board also rejected reliance on a 2016 letter from OWCP, which stated that Mr. Hood was partially recovered and able to return to work, finding that the letter did not give him a renewed right to restoration. Mr. Hood did not appeal this decision and it became final on October 18, 2017.

In the current proceedings, Mr. Hood filed an appeal with the Board in March 2024, again seeking restoration and claiming that he was separated because of a compensable injury and now partially recovered. The AJ dismissed the appeal for lack of jurisdiction, holding that Mr. Hood's claims were barred by collateral estoppel and that he failed to provide new evidence that changed the

restoration analysis. *Decision*, 2025 WL 3241066, at 5–9. On November 4, 2025, the AJ's initial decision became final. Mr. Hood timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We set aside a final decision of the Board only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's jurisdictional determinations de novo and its underlying factual findings for substantial evidence. *Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017).

Mr. Hood argues that the Board erred in applying collateral estoppel to his restoration claim, which was premised on his alleged partial recovery from a compensable injury. To establish Board jurisdiction over such claim under 5 C.F.R. § 353.304(c), a petitioner must show that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious. *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1104 (Fed. Cir. 2011) (citation omitted).

Collateral estoppel applies when an issue previously adjudicated is identical with the one now presented, was actually litigated and necessary to the prior judgment, and the party precluded was fully represented in the prior action. *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274–75 (Fed. Cir. 2005) (citation omitted).

Mr. Hood contends that collateral estoppel is inapplicable because neither the 2002 LCA nor the 2005 settlement contained any adjudication of his restoration rights

or whether his separation was due to a compensable injury. The government responds that preclusion arises not from those agreements, but from Mr. Hood's prior Board restoration appeals in 2014 and 2017.

We agree with the government. In 2014 and 2017, the Board adjudicated Mr. Hood's restoration claims and rejected them. As the AJ properly held, the previous issue in those proceedings—whether Mr. Hood's separation was due to absences caused by a compensable injury—is identical to the issue he seeks to relitigate here. *Decision*, 2025 WL 3241066, at 5–7.

In 2014, the AJ found that Mr. Hood failed to satisfy the first element of a restoration claim because he did not show that his absences were due to a compensable injury. SAppx 51–52. Specifically, the dates of his separation did not correspond to the dates covered by his accepted OWCP claims. *Id.* In 2017, the AJ again addressed the issue, concluding that a later OWCP letter did not provide him with restoration rights. SAppx 36–37. Accordingly, the issue of whether Mr. Hood's absences were due to a compensable injury was actually litigated, necessary to the prior decisions, and resolved against him.

Mr. Hood argues that he lacked a "full and fair opportunity to litigate" because material facts relating to the 2005 settlement agreement were allegedly concealed until 2024. But the AJ in 2017 did not rely on the 2005 settlement agreement nor any waiver arising from such agreement in determining that the Board lacked jurisdiction over Mr. Hood's restoration claim. *See* SAppx 40 n.6. And, the AJ in 2025 properly concluded that Mr. Hood's restoration claims had already been litigated in his 2014 and 2017 appeals and were barred by collateral estoppel. *Decision*, 2025 WL 3241066, at 5–7. Any alleged fraud or concealment related to the 2005 settlement agreement therefore does not undermine the preclusive effect of the prior decision because it did not rely on the agreement in finding a lack of jurisdiction.

Accordingly, the requirements for collateral estoppel are satisfied, and the Board did not err in concluding that Mr. Hood is precluded from relitigating his restoration claim.

Mr. Hood also contends that newly discovered evidence defeats preclusion. But the AJ reasonably found that the additional OWCP benefit statements Mr. Hood submitted did not address whether he suffered a compensable injury during the relevant period. *Id.* at 7–8. Nor does the record show that OWCP accepted claims covering those dates. *Id.* Thus, the purported new evidence does not alter the Board's conclusion.

Mr. Hood further argues that the previous Board decisions were legally erroneous. But even assuming error, which we do not find, collateral estoppel applies "even though the determination was reached upon an erroneous view or by an erroneous application of the law." *Morgan*, 424 F.3d at 1274 (internal quotations and citation omitted). Mr. Hood's contention that OWCP's acceptance of a claim alone satisfies the first element of a restoration claim is likewise incorrect. Our law requires that Mr. Hood show that he was absent from his position "*due to a compensable injury*" to establish jurisdiction under 5 C.F.R. § 353.304(c). *Bledsoe*, 659 F.3d at 1104 (emphasis added). That determination was previously resolved against him, and the Board therefore properly applied collateral estoppel and dismissed the appeal for lack of jurisdiction.

We have considered Mr. Hood's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the decision of the Board.

## AFFIRMED

### COSTS

No costs.